(No. 22901.—)

LUCILE KESLICK, Admx., Appellant, *vs.* THE WILLIAMS OIL-O-MATIC HEATING CORPORATION, Appellee.

*Opinion filed June 14, 1935.*

IVAN H. LIGHT, for appellant.

LEDERER, LIVINGSTON, KAHN & ADLER, (SIGMUND LIVINGSTON, and ARCHIE H. SIEGEL, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On November 3, 1932, Lucile Keslick, administratrix of the estate of Floyd H. Keslick, deceased, brought an action of trespass on the case in the circuit court of Mc-Lean county against the Williams Oil-O-Matic Heating Corporation to recover damages in the amount of $10,000. By her declaration the plaintiff charged that Keslick's death on December 6, 1931, was caused by the defendant's willful violations of the Occupational Diseases act, and that the decedent left surviving as his only heirs-at-law, Lucile Keslick, his widow, and their infant son. Subsequently two additional counts were filed re-stating the cause of action set forth in the original declaration. After the defendant's motion for a continuance had been granted at a previous term, it was allowed to withdraw its plea of the general

issue and to file a demurrer, which was sustained. On September 26, 1933, the declaration was amended by substituting Mrs. Keslick, the widow, in her individual capacity, and William Keslick, her son, as parties plaintiff. The suit was later dismissed as to the child. The defendant filed a plea of the general issue to the declaration as amended on September 26, 1933, and also a special plea averring that it stated a new cause of action which had not accrued to the plaintiff within one year prior to the day named. The plaintiff demurred to the special plea and the demurrer was overruled. She then withdrew the two additional counts as amended and elected to abide by her demurrer. Judgment was rendered that she take nothing by her suit and for costs against her and in favor of the defendant. The plaintiff prosecuted an appeal to the Appellate Court for the Third District, and that court affirmed the judgment. The case is before us on leave granted to plaintiff to appeal.

To obtain a reversal of the judgment the plaintiff makes the contention that the substitution of parties plaintiff more than a year after the death of Floyd Keslick did not constitute the statement of a new cause of action. She further contends that even if the original declaration did not state a cause of action, this defect could be cured after the expiration of a year under section 39 of the Practice act as amended in 1929.

Section 1 of the Occupational Diseases act provides that every employer of labor in this State engaged in any work or process which may produce or subject his employees to any illness or disease peculiar or incident to such work or process, shall for the protection of his employees provide reasonable and approved means, methods or devices for the prevention of such industrial or occupational diseases. Subdivision (a) of section 15 (Cahill's Stat. 1933, p. 1377; Smith's Stat. 1933, p. 1403;) provides that for any injury to the health of any employee proximately caused by any willful violation of or failure to comply with section 1, a

right of action shall accrue to the injured employee for the direct damages sustained. In case death ensues, the right of action shall accrue to the widow, the decedent's lineal heirs or adopted children, or to any other persons who were before the employee's death dependent upon him for support. The damages which may be recovered shall not exceed $10,000, and the action must be instituted within one year following the employee's death. In three opinions rendered by this court at its April term, 1935, section 1 of the Occupational Diseases act was held unconstitutional and void. (*Vallat* v. *Radium Dial Co. ante,* p. 407; *Boshuizen* v. *Thompson & Taylor Co. ante,* p. 160; *Parks* v. *Libby-Owens-Ford Glass Co. ante,* p. 130.) The plaintiff's right of action in this cause is predicated upon alleged violations of section 1 of the statute. A reversal of the judgment would therefore afford her no advantage and such a result can serve no useful purpose.

The judgment is affirmed.

*Judgment affirmed.*