(No. 24605.—

The Metropolitan Trust Company *et al.* Appellees, *vs.* The Bowman Dairy Company, Appellant.

*Opinion filed June 20, 1938.*

MONTGOMERY, HART, PRITCHARD & HERRIOTT, (LOUIS E. HART, and L. EDWARD HART, JR., of counsel,) for appellant.

RYAN, SINNOTT & MILLER, and KELNER & KELNER, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff's intestate was injured in an accident at Forty-seventh street and Albany avenue in the city of Chicago on October 20, 1934, and subsequently died. She was proceeding east on the sidewalk along the north side of Forty-seventh street near the west side of Albany avenue. The Bowman Dairy Company's horse-drawn milk wagon, coming from the west, was at or near the intersection, en route to some point on Albany avenue. A truck driven by Fred G. Kunz, coming from the east, in avoiding a collision with the milk wagon, skidded onto the sidewalk and struck decedent, inflicting the fatal injuries.

On December 19, 1934, plaintiff, as administrator of decedent's estate, filed a complaint in the superior court of Cook county against the Bowman Dairy Company and Kunz to recover under the Injuries act (Ill. Rev. Stat. 1937, chap. 70, par. 1, *et seq.*) for the death of decedent. The original complaint averred "that defendants and each of them carelessly and negligently operated their vehicles in such a manner as to strike the decedent, inflicting severe personal injuries, which proximately resulted in the death of the decedent." On the trial, plaintiff's evidence disclosed that the milk wagon did not strike decedent. A variance was claimed, and, on December 2, 1936, plaintiff was permitted to amend the complaint by charging the negligence of both defendants caused the truck of the defendant Fred G. Kunz to strike decedent. Thereupon, the Bowman Dairy Company amended its answer and charged that a new cause of action was stated and that it was barred because not filed within one year after the death of plaintiff's intestate. A motion to strike the amendment to the answer was overruled. The trial resulted in a $5000-verdict and judgment for appellee against the Bowman Dairy Company. The jury found Kunz not guilty. The Appellate Court affirmed the judgment, and the cause is here on a certificate of importance.

The question presented arises under the provisions of section 46 of the Civil Practice act of 1933. (Ill. Rev. Stat. 1937, chap. 110, par. 170.) That section replaces section 39 of the Practice act of 1907. It originally consisted of one paragraph and was identical with section 23 of the Practice act of 1872. It provided that, at any time before final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, introducing necessary parties, discontinuing as to any joint party, changing the form of action, and in any matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a

legal defense, and that the adjudication of the court allow-
ing an amendment shall be conclusive evidence of the iden-
tity of the action.

In 1929, a second paragraph was added to section 39.
It provided that any amendment to any pleading shall be
held to relate back to the date of filing the original pleading,
and the cause of action or defense set up in the amended
pleading shall not be barred under any statute limiting the
time within which an action may be brought if the time
limited had not expired when the original pleading was
filed, and if it shall appear, from the original and amended
pleading, that the cause of action or defense asserted in
the amended pleading grew out of the same transaction or
occurrence and is substantially the same as set up in the
original pleading, even though the original pleading was
defective in that it failed to allege the performance of some
act or the existence of some fact, or some other matter or
matters which are necessary conditions precedent to the
right of recovery, when such conditions precedent have
been, in fact, performed.

The Injuries act first became a law in this State in 1853.
The provision in section 2 of the original act, limiting the
time for commencing suit to two years after the death, was
changed to one year by an amendment in 1903, and, as
amended, still remains in force. Under that act we have
uniformly held that the time fixed by it for commencing
an action for wrongful death is not a statute of limitations,
but is a condition of the liability itself. It is a condition
precedent attached to the right to sue at all, and being so,
the plaintiff must bring himself within the prescribed re-
quirements necessary to confer the right of action. (*Bishop*
v. *Chicago Railways Co.* 303 Ill. 273; *Hartray* v. *Chicago
Railways Co.* 290 id. 85.) That doctrine was applied in
the *Hartray case* where the declaration did not state a cause
of action through a failure to state that the action was com-
menced within one year after the death. In *Day* v. *Talcott,*

361 Ill. 437, we applied it to an amendment filed more than one year after the time limited for commencing the action, where the original complaint did not state a cause of action. Under those holdings, it is claimed that section 46 of the Civil Practice act has no application to suits under the Injuries act.

The holdings of this court, prior to the 1929 amendment of section 39 of the 1907 Practice act, are concisely summarized in *Carlin* v. *City of Chicago,* 262 Ill. 564, where the action was to recover damages for the wrongful death of plaintiff's intestate. Citing numerous earlier decisions, we said: "If the original declaration fails to state any cause of action whatever, and an amended declaration is filed, after the Statute of Limitations has run, which does state a cause of action, the filing of such an amended declaration will be regarded as the beginning of the suit for that cause of action and the statute will constitute a good defense. * * * If an amendment introduces a new cause of action not stated in the original declaration, the running of the Statute of Limitations is not arrested as to such new cause by the filing of the original declaration, and the statute may be pleaded to the cause of action stated in the amended declaration. * * * If the amended declaration re-states the original cause of action in a different form, the filing of such an amendment relates back to the commencement of the suit and the Statute of Limitations is not a defense." In that case we cited *Foster* v. *St. Luke's Hospital,* 191 Ill. 194; *Swift & Co.* v. *Foster,* 163 id. 50, and *Mackey* v. *Northern Milling Co.* 210 id. 115, cases in which the cause of action was for damages on account of wrongful death.

The addition of the second paragraph to section 39 in 1929 manifested a legislative intent to liberalize the practice so as to preserve rights of action which might theretofore have been lost by omissions or errors in pleading. The amendment was effective to some extent, but it was still required that the cause of action stated in the amended

pleading must be substantially the same as set out in the original. If the original pleading did not state a cause of action, it is obvious that an amendment which did so could not be substantially the same as the original, and so it was still necessary that the declaration should state a cause of action in order for an amendment to relate back to the filing of the original pleading. *Day* v. *Talcott, supra,* was decided while section 39, as amended, was in force. In that case we held that an amendment, filed after the limitation period prescribed by the Injuries act, did not relate back to the filing of a declaration which, by distinct averments, admitted contributory negligence and want of due care by a decedent on account of whose death the action was instituted. In that case we pointed out that the declaration failed to state a cause of action, not only by an omission of any averment of due care, but contained affirmative allegations showing no liability. In the course of the opinion we said: "This court has uniformly held that if a plaintiff desires to avail himself of the provisions of the Injuries act * * * he must bring himself within its terms and provisions," and held that section 39 had no application to a declaration which states no cause of action at all.

Under the claim that section 46 of the Civil Practice act has no application to suits under the Injuries act appellant cites the *Bishop case, supra.* In that case, after reversal of a judgment of the trial court, a new action was begun under a provision of an amendment to the Limitations act. We held that the Statute of Limitations has no application to suits under the Injuries act. Some former decisions of this court have inadvertently used the words, "Statute of Limitations" in applying the one-year limitation for commencing suit under the Injuries act, but the holding, in each case, was an application of the latter statute, and it was not meant to designate it as a statute of limitations. We adhere to the pronouncement in the *Bishop case,* but our holding there does not in any way indicate that the

former Practice act did not apply to suits under the Injuries act and we have never so held. *Carlin* v. *City of Chicago, supra,* and *Day* v. *Talcott, supra,* establish the contrary. In each of those cases the provisions of the Practice act were contrued in connection with those of the Injuries act. In the *Carlin case* we held that where the amendment does not state a new cause of action it relates back to the filing of the declaration. These cases demonstrate, beyond cavil, that even under the former Practice act, its provisions were to be applied in connection with those of the Injuries act. Section 46 deals with the same subject. It follows that it must be given the same application.

Section 46 of the Civil Practice act makes several noticeable changes in the prior statute. Presumably the legislature knew the import of our pronouncements under the former acts, and had in mind remedial legislation to overcome and correct such statutory faults. (*Schoellkopf* v. *DeVry,* 366 Ill. 39; *People* v. *Nash,* 364 id. 224.) Section 46 of the Civil Practice act, like section 39 of the prior act as amended in 1929, consists of two paragraphs, respectively treating the same subjects. Paragraph 1, in each case, prescribes what classes of amendments may be made in any process, pleading or proceedings before final judgment. It does not deal with the subject of limitations at all. Paragraph 2, in each case, deals exclusively with the subject of limitations on the right to amend pleadings after the limitation period. It is thus apparent that both paragraphs must be considered together. Under the holdings of this court construing the prior statutes it is obvious that any amendment permitted by paragraph 1 which does not also come within the provisions of paragraph 2 of section 46, must be made within the time limited for commencing suit. To otherwise construe paragraph 1 would destroy the effect of paragraph 2, come in conflict with the limitation in the Injuries act and leave the situation the same as it was before section 46 was enacted.

Two significant changes appear in paragraph 1. Instead of the permission, in section 39, to change the form of action, section 46 permits changing the cause of action or adding new causes of action. In place of the provision, in section 39, that the change may be made to enable the plaintiff to sustain the action for the claim intended to be brought, section 46 permits such change as may enable him to sustain the claim intended to be brought. It is further to be observed that section 42 of the Civil Practice act provides that no pleading shall be deemed bad, in substance, which shall contain such information as shall reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet. The prior acts contained no such provision nor anything equivalent thereto. While these changes do not deal with the subject of limitations, they eliminate the former requirement that the original pleading must state a cause of action and that an amendment must set up the same cause of action.

Under paragraph 2 of section 39 it was required that the cause of action set up in the amendment not only grew out of the same transaction or occurrence, but that it must be substantially the same as set up in the original pleading. The requirement for substantial identity was omitted from paragraph 2 of section 46. The sole requirement of that paragraph is that the cause of action set up in the amendment grew out of the same transaction or occurrence set up in the original pleading. Briefly summarized, section 46 permits any amendment of a pleading, filed in apt time, after the time limited for commencing suit to set up a cause of action on any claim which was intended to be brought by the original pleading, provided, only, that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading. The term "same transaction or occurrence,"

so used in the statute, means the same suit. These changes, together with the judicial construction of the prior statutes, evince the legislative intent to remedy the evils incident to the former legislation and to preserve causes of action against loss by reason of technical rules of pleading. This is manifest from the concluding language of paragraph 2 which specifically declares the purpose of preserving the cause of action. The reasons for our decisions under the prior statutes are eliminated from section 46, and are not applicable to its provisions.

The amendment in this case qualifies under all the requirements of section 46. Therefore, it relates back to the filing of the declaration and is not barred by the limitation in the Injuries act. The claim that such a construction of section 46 implies an attempted amendment of the Injuries act in violation of section 13 of article 4 of the constitution is without merit. The Injuries act applies to the commencement of a suit and has no application to matters of pleading or procedure thereafter. The trial court correctly allowed the amendment to be filed.

The contention that neither the original nor the amended declaration states a cause of action, in that there is no allegation of the date of the death of plaintiff's decedent or that suit was instituted within one year thereafter, is untenable. The original complaint was filed December 19, 1934. It alleges the death of decedent from the injuries received on October 20, 1934. The *Hartray case, supra,* where the suit was commenced on November 28, 1910, and it was alleged the decedent died from injuries received on June 27, 1909, without any allegation that the action was begun within one year after the death, is to be distinguished from this case. So far as disclosed by the declaration in that case it was possible the suit was begun more than one year after the death, but no such situation obtains here. The complaint shows, on its face, that it was filed within one year after the death of the decedent.

Defendant claims that plaintiff failed to prove the accident caused decedent's death. The testimony shows the accident to the deceased occurred after 1:00 o'clock P. M. on Saturday, October 20. She was taken to a hospital, became unconscious, and presented a clinical picture of acute abdominal trauma. She was in a very precarious condition. A blood transfusion was administered and she was operated as soon as her condition warranted. The abdomen was full of blood. Urine and pieces of liver floated in it. The intestine, bladder and liver were ruptured. The surgeon who examined her and operated stayed with her until she died. He testified he first saw her on Sunday, but the whole record shows he was mistaken and that he, in fact, saw her on Saturday. The inquest was held on the following Monday. Prior to the accident she was in good health. The testimony sufficiently shows the accident was the cause of decedent's death.

Instruction number 15 told the jury that if the negligence, if any, of the driver of the Bowman Dairy Company's vehicle "caused or proximately contributed to cause the injury and death complained of" and that decedent was in the exercise of ordinary care, they should find the defendant Bowman Dairy Company guilty. The claim that the jury may have understood the word "proximately" to mean "nearly" cannot be upheld. A similar instruction using the word "materially" in place of "proximately" was approved in *Union Railway and Transit Co. v. Shacklet,* 119 Ill. 232. Two instructions offered by appellant, singling out certain facts as a sufficient defense and directing a verdict, without mention of other factors in the case, were correctly refused.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*