(No. 38606.—

LUCILLE SIMMONS *et al.,* Appellees, *vs.* JAMES J. HENDRICKS, d/b/a JIM'S TAVERN, *et al.,* Appellants.

*Opinion filed May 20, 1965.*

MEYERS & MATTHIAS, and JAMES J. GAUGHAN, both of Chicago, (JAMES M. REDDING and JOHN L. SPAULDING, of counsel,) for appellants.

SAMUEL NINEBERG, of Chicago, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

We granted leave to appeal in this case because of a conflict in decisions of the appellate court. The issue concerns the relation back of an amended complaint to the date of the filing of the original complaint, and the question arises under section 14 of article VI of the Liquor Control Act, (popularly known as the "Dram Shop Act") which provides that actions under it "shall be barred unless commenced within one year next after the cause of action accrued." The statute also provides that an action for loss of support by reason of intoxication is to be brought in the name of the person who furnished the support, but that any recovery is "for the exclusive benefit" of those who received the support. Ill. Rev. Stat. 1959, chap. 43, par. 135.

The original complaint in this case was filed on August

12, 1960, by "Lucille Simmons, Helen Jean Simmons, Joseph Lee Simmons, Stephen Bryan Simmons and Ted Simmons, minors, by Lucille Simmons, their mother and next friend." It alleged that on October 3, 1959, Leroy Simmons, the husband and father of the plaintiffs, became intoxicated after drinking liquor sold or given to him in taverns owned or operated by the defendants; that while intoxicated he provoked an altercation with another patron, whom he shot and killed; that he was subsequently convicted of murder and sentenced to prison, and that as a result the plaintiffs were deprived of their means of support. A second amended complaint, filed on December 17, 1962, named Leroy Simmons as plaintiff, suing "for the use and benefit of" his wife and minor children. After motions to dismiss were filed, the court granted leave to file a third amended complaint. This pleading, filed on February 4, 1963, contained two counts. Count I was filed by the original plaintiffs. Count II alleged the basic facts set forth in the original complaint, but it was filed by Leroy Simmons as plaintiff, "for the use and benefit of" his wife and minor children.

The defendants moved to dismiss on the ground that the action had not been instituted by a person entitled to maintain it within one year after it had accrued, as required by the statute, and that the amendment of December 17, 1962, which for the first time introduced Leroy Simmons as plaintiff, did not relate back to the date of the filing of the original complaint. The trial court sustained the defendant's motions, and dismissed the complaint.

The appellate court, first district, reversed the ruling of the trial court as to count II, holding that under section 46 of the Civil Practice Act (Ill. Rev. Stat. 1961, chap. 110, par. 46) the amendment introducing Leroy Simmons as plaintiff related back to the filing of the original complaint. (*Simmons* v. *Hendricks,* 47 Ill. App. 2d 195.) In reaching that conclusion it relied upon its earlier opinion in *Elkins* v.

*Kopp,* 23 Ill. App. 2d 509, (abst.) where upon similar facts, "[T]he substitution of her husband as party plaintiff after the one year of limitation had run was found proper under § 46 of the Civil Practice Act inasmuch as the cause of action asserted in the original complaint, and as sought to be amended, 'grew out of the same transaction or occurrence set up in the original pleading.' *Geneva Const. Co.* v. *Martin Transfer & Storage Co.* 4 Ill.2d 273." 47 Ill. App. at 198.

In *Shults* v. *Kontos,* 30 Ill. App. 2d 316 (abst.), the appellate court, second district, without mentioning the earlier decision in the *Elkins* case, reached the opposite result on similar facts, saying: "In the instant case as in all purely statutory rights of recovery unknown to the common law where the time limitation for filing the cause of action is made an inherent element of the right so created, amendments to the complaint substituting a proper party plaintiff for one who had no right of action do not relate back to the original complaint so as to toll the time limitation for filing the action. *Bodine* v. *Lloyd,* 287 Ill. App. 636, 5 N.E.2d 108; *Keslick* v. *Williams Heating Corp.,* 277 Ill. App. 263, aff. 360 Ill. 552, 196 N.E. 814; *Friend* v. *Alton R.R. Co.* 283 Ill. App. 366."

In the case before us Leroy Simmons was described in the original complaint, which was filed in apt time, as the person who had furnished support to the plaintiffs, who were his wife and minor children. In the amended complaint he was named as plaintiff, but his role was purely nominal, for under the statute any recovery would go exclusively to his wife and children, and he could not share in it. The original and amended complaints described the same occurrences.

The defendants do not suggest that they would in any way be prejudiced, or even inconvenienced, by the substitution of Leroy Simmons as nominal plaintiff in lieu of the parties beneficially interested. Rather it is their contention that because the Dram Shop Act, like section 2 of the

Injuries Act which governs actions for wrongful death, gives a right of action unknown to the common law and requires that the action be commenced within one year, the original complaint must be totally disregarded because it failed to comply precisely with the requirements of the statute. They read the language of the time limitation in the Dram Shop Act as expressing a "condition of liability" that relates to substantive rights and to jurisdiction, rather than as expressing a procedural limitation. Similar language in the Workmen's Compensation Act has been characterized as "the language of limitations, not of jurisdiction." (*Railway Express Agency* v. *Industrial Com.* 415 Ill. 294, 299.) And indeed the time limitation in the Dram Shop Act itself was applied retroactively in *Orlicki* v. *McCarthy,* 4 Ill.2d 342, 354, "on the ground that the legislature so intended, and that it is procedural in character." (See also *Dworak* v. *Tempel,* 17 Ill.2d 181, 187.) But we need not pursue this matter, for we are of the opinion that under section 46 of the Civil Practice Act (Ill. Rev. Stat. 1959, chap. 110, par. 46,) the result would be the same whether the time limitation is regarded as prescribing a condition of liability or as stating an ordinary period of limitations.

Paragraphs 1 and 2 of section 46 provide:

"(1) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand.

"(2) The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting

the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross demand interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving as aforesaid the cause of action, cross demand or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." Ill. Rev. Stat. 1959, chap. 110, par. 46.

By its express terms section 46 applies to "any statute or contract prescribing or limiting the time within which an action may be brought or right asserted." The section is thus applicable whether a particular time limitation is regarded as a prescription governing the right to sue or as a statute of limitations. The leading case upon the construction of section 46 is *Metropolitan Trust Co.* v. *Bowman Dairy Co.* 369 Ill. 222, in which this court held squarely that the section is applicable to a wrongful death action. There the court analyzed decisions under earlier statutes concerning the relation back of amendments to pleadings, and pointed out that "the reasons for our decisions under the prior statutes are eliminated from section 46, and are not applicable to its provisions." 369 Ill. at 230.

After a full analysis of section 46, the court in the *Bowman Dairy* case stated the only test to be applied in determining whether an amendment relates back to the date of filing the original complaint: "The sole requirement of

that paragraph [paragraph 2 of section 46] is that the cause of action set up in the amendment grew out of the same transaction or occurrence set up in the original pleading. Briefly summarized, section 46 permits any amendment of a pleading, filed in apt time, after the time limited for commencing suit to set up a cause of action on any claim which was intended to be brought by the original pleading, provided, only, that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading." 369 Ill. at 229.

The test has thus been shifted from the requirement of earlier cases that a cause of action be stated at the outset with precise accuracy to a test of identity of transaction or occurrence. The reason for the shift lies in the fact that insofar as a prescription or limitation of time is concerned, a defendant has not been prejudiced so long as his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him. With that information he is able to conduct the investigation necessary to the defense of the claim and so he is not adversely affected by an initial failure to state it with meticulous perfection. See *Geneva Construction Co.* v. *Martin Transfer and Storage Co.* 4 Ill.2d 273, 286-290.

The defendants, however, rely upon the following statement in the *Bowman Dairy* case: "Paragraph 1, in each case, prescribes what classes of amendments may be made in any process, pleading or proceedings before final judgment. It does not deal with the subject of limitations at all. Paragraph 2, in each case, deals exclusively with the subject of limitations on the right to amend pleadings after the limitation period. It is thus apparent that both paragraphs must be considered together. Under the holdings of this court construing the prior statutes it is obvious that any

amendment permitted by paragraph 1 which does not also come within the provisions of paragraph 2 of section 46, must be made within the time limited for commencing suit. To otherwise construe paragraph 1 would destroy the effect of paragraph 2, come in conflict with the limitation in the Injuries act and leave the situation the same as it was before section 46 was enacted." 369 Ill. at 228.

The defendants read this passage as prohibiting the amendment sought to be made in the present case. This interpretation is erroneous. Paragraph 1 of section 46 authorizes amendments which may or may not meet the test of paragraph 2, in that an amendment authorized under paragraph 1 may introduce matters that did not grow out of the same transaction or occurrence described in the original pleading. The passage relied upon by the defendants relates only to this difference between the two paragraphs.

The analysis in the *Bowman* case of the relation between the two paragraphs of section 46 closely parallels the analysis of that relationship stated in McCaskill, Illinois Civil Practice Act Annotated, 1936 Supplement, pp. 126, 127. "The first paragraph of section 46 expressly authorizes amendments changing the *cause of action,* and the addition of new causes of action, but apparently these amendments are to be made within the limitation period. To construe it as authorizing the addition of entirely new claims after the limitation period would destroy the effect of the second paragraph. The paragraphs must be read together. The causes of action which may be changed and the causes of action which may be added after the limitation period must be such as are consistent with the provisions of paragraph 2, *i.e.,* they must arise out of the same transaction or occurrence set up in the original pleading. The provision in the 1929 amendment construed to require substantial identity between the cause of action in the amendment and a 'cause of action' in the original pleading has been dropped. There is no requirement that the original complaint state 'a cause

of action.' It must disclose a transaction or occurrence, and the same transaction or occurrence disclosed by the amended complaint. * * * Instead of splitting hairs over types of faults, the inquiry is whether there is enough in the original description to indicate that plaintiff is not attempting to slip in an entirely distinct claim in violation of the spirit of the limitations act. The test is to be a real one, rather than one based upon artificial rules of pleading. * * * Identity of true claim, which lies behind the descriptions, is the test, and the character of the faulty description is immaterial. The 'even though' clause is aimed particularly at the decisions in which it was said to be settled law that total omission of vital elements of liability could not be supplied by amendments after the statute had run, pointing out the difference between new facts and a first description of old facts in the picture of the action, because those decisions were more numerous and more conspicuous. 'Even though' is not an apt introduction to an exclusive class."

In the case before us the appellate court correctly held that count II of the amended complaint related back to the filing of the original complaint, and its judgment is affirmed.

*Judgment affirmed.*