**People of the State of Illinois, Plaintiff-Appellee, v. Robert Ira Moulton, Defendant-Appellant.**

Gen. No. 66–80.

Third District.

May 18, 1967.

Rehearing denied June 8, 1967.

O. B. Pace, of Lacon, for appellant.

Peter J. Paoluci, State's Attorney, of Lacon, for appellee.

ALLOY, J.

Robert Ira Moulton filed in this court on October 14, 1966, a document described as "Petition for Writ of Error" asserting that he was denied his constitutional right to appointment of counsel under the Federal and State Constitutions and Rules of Court. We recognized

defendant's appeal and appointed able counsel for him. His appeal is before us under Supreme Court Rule 602 from a conviction for armed robbery which was entered on a plea of guilty to a criminal information.

On appeal in this court, defendant contends that the record discloses that he did not have counsel appointed for him at the trial level, and also that he did not make an effective waiver of indictment by the Grand Jury or of the right to appointment of counsel. On the record, the basic issue before us is whether the defendant intelligently and understandingly rejected the offer of counsel.

The record discloses that the defendant was arrested on February 28, 1966, on a criminal complaint signed by one Mildred West charging defendant with the offense of armed robbery. The complaint was approved after the court heard testimony from the complaining witness under oath. Bail was fixed in the amount of $10,000. Defendant was taken into custody and a copy of the criminal complaint was served upon him. A criminal information was filed in the Circuit Court of Marshall County charging defendant with the offense of armed robbery. The information was signed by the State's Attorney and verified by the complaining witness under oath and also contained a list of prosecution witnesses. On the 7th day of March, 1966 (seven days after defendant was arrested), defendant appeared pro se in court on Arraignment. The court asked defendant whether he had a copy of the information and could read and understand it and then proceeded with the following:

> "Q. Mr. Moulton, this Information charges you with the offense of Armed Robbery, which is a felony under Illinois law. By a felony, I mean it is a criminal offense, the punishment therefor being by sentence to the Illinois State Penitentiary. Now, you have been brought before the Court here today,

Mr. Moulton, and I shall attempt to explain to you your legal rights under the Constitution and Statutes and laws of our State, and as I do so, if there is anything you do not understand, I want you to ask me, and when I am finished if you have any further questions, we likewise want you to ask them.

"A. Yes, sir.

"Q. Now, Mr. Moulton, this information that has been presented to me, of which you have received a copy, you will note upon examination of it that it has been signed by the State's Attorney of this County and sworn to by a witness who stated under oath that the facts in the Information are true. Now, whenever a felony is involved, meaning an offense which carries with it a possible penitentiary sentence, the Constitution and the Statutes of our State provide that the Grand Jury of the county in which the offense was committed should return an indictment charging the Defendant with the offense and then the Defendant is brought before the Court to answer the indictment. Now, the law further provides that if the Defendant, or the one charged with the commission of a felony, is willing to waive the complaint being brought before the Grand Jury or the returning of an indictment and to answer to the indictment returned by the Grand Jury, that if the Defendant is willing to waive that, then he may be prosecuted on an Information signed only by the State's Attorney and, on oath, by the witness. Now, do you understand what a Grand Jury is, Mr. Moulton?

"A. Yes, sir.

"Q. Do you understand what an indictment is, returned by a Grand Jury?

185

"A. Yes, sir.

"Q. An information, that we have here, is merely a written document charging you with a criminal offense. An indictment is a written document which the Grand Jury of the County makes up and hands to the Court, charging you with an offense. In case of an indictment, you are brought before the Court to answer to an indictment. In this case, you have been brought before the Court on an Information. Is that clear to you, what I have said so far?

"A. Yes, sir.

"Q. Now, are you willing to waive your right to have this brought before the Grand Jury so that you can be prosecuted under this Information?

"A. Yes, Your Honor.

"Q. You are?

"A. Yes, sir.

"Q. By 'waive,' I mean you are saying to me that you do not desire this to be brought before the Grand Jury and the Grand Jury considering returning an indictment into Court and your being brought into Court to answer the indictment, that you are willing to proceed on the Information here filed by the State's Attorney.

"A. Yes, sir.

"Q. You understand that your right to have this presented to the Grand Jury is a right you have? Do you want to waive it?

"A. Yes, sir.

"Q. Now, Mr. Moulton, I note that you do not have a lawyer here representing you today. Under the law, of course, you have a right to have counsel

of your choice to advise you and represent you before this Court. Do you understand that right, sir?

"A. Yes, sir.

"Q. Do you desire counsel or time before proceeding on this to secure the advice and representation of counsel?

"A. No, sir, I don't believe that will be necessary.

"Q. You understand that if you want it the Court will give you the time?

"A. Yes, sir.

"Q. And if you do not have the funds with which to employ a lawyer, that this Court will appoint a lawyer without charge to you to represent you in this cause?

"A. Yes, sir.

"Q. Understanding what the Court will do and your rights to counsel, is it my understanding that you still do not want counsel? Is that correct?

"A. That is correct."

Thereafter, the court advised the defendant of the nature of the charge in great detail and of the consequences of a plea of guilty and elicited from defendant that he understood completely the nature of the charge and his right to trial by jury and the possible punishment and desired to enter a plea of guilty.

The court further explained the consequences of the plea of guilty and the possible punishment and asked him whether he had been well treated and if any promises had been offered as to what his punishment would be. Defendant stated that he had been well treated and that no promises were made with respect to his punishment. He also indicated that he was 23 years of age and had

187

a year of college at Northern University through extension courses.

Following this discussion the court specifically said that the record showed that he had advised defendant of his right to be prosecuted under the indictment of a Grand Jury of the county and that defendant had advised the court that he was willing to waive his right to have the matter presented to the Grand Jury, and to answer to an indictment of the Grand Jury, and was willing to proceed to answer the information filed by the State's Attorney. The court also found that the defendant knowingly and understandingly and voluntarily waived his right to have the matter presented to the Grand Jury and the court also further found that defendant knowingly and understandingly and voluntarily waived his right to be represented by counsel and his right to a trial by jury on the charges; that he has entered a plea of guilty to the offense of armed robbery as charged in the information; that defendant has persisted in entering such plea and the court thereafter accepted and entered the plea of record and found the defendant's age to be 23 years.

The court then asked him whether he had any statements or evidence which he might wish to have presented by way of mitigation of the offense and that the State's Attorney would be allowed to present evidence in mitigation or aggravation also. He asked defendant if he was prepared to proceed with such hearing relating to his family, moral character and previous criminal record at that time. Defendant announced that he was prepared to proceed that day. The State did not present any evidence in mitigation or aggravation but advised the court of the nature of the offense and that defendant had been charged with several violations of law and had served from three to five years in the Illinois State Penitentiary for armed robbery. Defendant had been discharged from

the penitentiary in August of 1965. His explanation for being in trouble was that he was destitute; that he felt he had rehabilitated when he was in prison but the Peoria Police Department didn't feel he had paid for his crime and that he was harassed and that he felt he had to "come up with something." The court advised him that there were opportunities for assistance which he could secure but defendant stated that he did not know about such available assistance. Defendant then asked the court to consider his family in making a disposition of his case. The court then sentenced defendant to a term of not less than four nor more than seven years.

Defendant on appeal in this court contends that the failure to appoint counsel for him in this cause constitutes reversible error on the basis of the precedents of cases such as Moore v. State of Michigan, 355 US 155, 78 S Ct 191; Gideon v. Wainwright, 312 US 355, 9 L Ed 2d 799, and Miranda v. State of Arizona, 16 L Ed 694, 86 S Ct 1602. It is also argued that the record does not disclose what went on in the jail during the period of seven days when defendant was in custody and whether defendant had been instructed as to his right to remain silent or that he had a right to counsel, retained or appointed, during that time. It is the contention of defendant that on the record and on the precedent of the Miranda case that there was no affirmative proof that at the time of arraignment defendant was so advised and that accordingly the judgment should be reversed.

■■■■ Under the precedent of Miranda v. State of Arizona, supra, defendant should be advised that counsel would be made available to him. It is also clear that a person accused of a felony may waive the right to assistance of counsel if he so desires. Counsel is not required to be appointed for defendant if the defendant does not desire to have counsel appointed (People v. Harden, 78 Ill App2d 431, 222 NE2d 693). The basic

question is whether defendant knowingly and understandingly waived his right to have counsel appointed for him. On the record before us, it is obvious that the court clearly and expressly advised defendant that he had a right to counsel and also that he had a right to have the Grand Jury proceed by way of indictment. The record shows that he understood the explanations which the court made to him as to the issues and knowingly and understandingly waived the right to indictment by the Grand Jury and also waived the right to have counsel appointed for him. Under Supreme Court Rule 26 considering the record of the proceedings, the requirements appear to have been fulfilled (People v. Doyle, 20 Ill2d 163, 169, 169 NE2d 250).

█ It appears that the defendant was 23 years of age, had one year of college, and that he had previously served a sentence for the offense of armed robbery. We were not confronted in this case with a man who is naive or ignorant or a juvenile. Following the language of the Supreme Court of this state in People v. Bush, 32 Ill2d 484, 207 NE2d 440, the record shows that the accused in this case was offered counsel and that he intelligently and understandingly rejected the offer.

An issue which is implicit in the appeal and argument presented in this case is whether a defendant is required to have counsel even though he does not express a desire to have counsel appointed for him, or rejects the offer of counsel. We find no precedent for such conclusion and do not read into the Miranda case any such requirement. The record shows affirmatively that defendant was fully advised of his right to counsel. It is apparent from the record that defendant expressed a desire not to have counsel and determined that he would plead guilty. The record shows that he freely and voluntarily waived his right to be represented by counsel and his right to be

190

prosecuted on an indictment. On the basis of the record as presented, therefore, the order of the Circuit Court of Marshall County should be affirmed.

Affirmed.

STOUDER, P. J. and CORYN, J., concur.