ALBANY PARK SERVICE, INC., *et al.*, Plaintiffs-Appellees, v. KENNY-PASHEN JOINT VENTURE *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—89—3029

Opinion filed January 28, 1991.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Nancy Jo Arnold and Michael J. Gibbons, of counsel), for appellants.

Michael Schaffner & Associates, of Chicago (Fred Rabinowitz, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

Defendants Kenny-Pashen Joint Venture and Kenny Construction Company appeal from a judgment of the circuit court of Cook County in the sum of $87,375 entered on a jury verdict in favor of plaintiffs Albany Park Service, Incorporated (Albany Incorporated), and the Mark Marszlak & Andrew Marszlak Partnership (the Marszlak partnership). Defendants contend on appeal that the circuit court lacked statutory authority to permit Albany Incorporated to amend its complaint during the course of trial in order to add the Marszlak partnership as a plaintiff to the suit. For the reasons that follow, we affirm.

On October 15, 1980, Albany Incorporated filed a complaint against the Kenny-Pashen Joint Venture and the Kenny Construction Company. In that complaint, Albany Incorporated asserted that it "owned and operated" a service station which sustained property

damage and loss of revenue as a result of defendants' negligent blasting activities.

The case proceeded to trial on May 5, 1989. During trial, the testimony revealed that Albany Incorporated's complaint contained an important factual inaccuracy: Albany Incorporated did not own the service-station building. Rather, Albany Incorporated only operated the service-station business as a lessee under an oral lease with the building's owner, the Mark Marszlak & Andrew Marszlak Partnership.

After Albany Incorporated rested its case, defendants presented a motion for a partial directed verdict. This motion sought direction of a verdict insofar as the lessee, Albany Incorporated, sought damages for structural repairs to the service-station building as opposed to lost income to the service-station business. Defendants asserted that, in light of the testimony that Albany Incorporated did not own the building upon which the property damage claim was based, it was not the real party in interest with respect to that claim. Defendants asserted that as a result, they were entitled to a directed verdict as to that claim.

In response, Albany Incorporated filed a motion for leave of court to amend its complaint in order to add the Marszlak partnership as a plaintiff so that the partnership could recover for the alleged damages to the building. As authority for its motion, Albany Incorporated cited sections 2—616(a) and (c) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—616(a), (c)) for the proposition that those sections provided the court with authority to allow the amendment. Defendants responded to Albany Incorporated's motion by contending that no statutory authority allowed the court to permit the requested amendment and, further, the statute of limitations precluded the Marszlak partnership from asserting the now time-barred claim for property damage to its building.

The circuit court ruled that it had discretion under section 2—616 to permit the amendment and that no prejudice to defendants would result from allowing the case to so proceed. Accordingly, the circuit court permitted Albany Incorporated to file an amended complaint and then declared "moot" defendants' motion for a partial directed verdict.

■ Amendments to pleadings are governed by section 2—616 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616). Paragraph (a) of that section establishes the basic authority to amend. It provides:

> "(a) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party

who ought to have been joined as plaintiff or defendant, dismissing any party, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross claim." Ill. Rev. Stat. 1987, ch. 110, par. 2—616(a).

As expressed above, section 2—616(a) is very general and permits amendments as to any matter of form or substance in any pleading, including, as pertinent here, the introduction of any party who ought to have been joined as a plaintiff. It applies to all amendments prior to judgment, with the added qualification that amendments to conform the pleadings to the proof (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(c)), and amendments after the statute of limitations has expired (Ill. Rev. Stat. 1987, ch. 110, pars. 2—616(b), (d)), must satisfy the additional requirements set forth in those sections. (*Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 495-96, 207 N.E.2d 440, 444; 3 R. Michael, Illinois Practice, §26.2, at 449 (1989) (hereinafter Illinois Practice).) In other words, while section 2—616(a) specifies broadly the types of amendments which are permissible, an amendment made after the passing of an applicable limitations period must be made pursuant to one of the other paragraphs of section 2—616. See *Simmons*, 32 Ill. 2d at 496, 207 N.E.2d at 444; *Metropolitan Trust Co. v. Bowman Dairy Co.* (1938), 369 Ill. 222, 15 N.E.2d 838; Illinois Practice, §26.4, at 461.

Sections 2—616(b) and (d) address situations where an amendment to a cause of action is sought after the applicable statute of limitations has passed. Of these two provisions, only section 2—616(b) is applicable here; section 2—616(d) applies only where the party seeking the amendment is attempting to join a new defendant as opposed to a new plaintiff. (See generally *Dunavan v. Heritage House Nursing Home* (1984), 121 Ill. App. 3d 813, 460 N.E.2d 75; Illinois Practice, §26.5.) Consequently, we focus on section 2—616(b), which provides:

"(b) The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, *** grew out of the same transaction or occurrence set up in the original

pleading, *** and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b).

■■ ■ As expressed above, section 2—616(b) allows a cause of action, cross-claim or defense that could have been properly alleged in the original complaint to be asserted after the expiration of the limitation period if two conditions are satisfied: (1) the original pleading was timely filed, and (2) the new matter arises out of the same transaction or occurrence set up in the original pleading. (*Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 270-71, 489 N.E.2d 1342, 1344.) This provision does not authorize the amendment itself, but rather prevents an amendment otherwise authorized under section 2—616(a) from being time barred. (Illinois Practice, §26.4, at 460.) Its purpose is to insure fairness to the litigants rather than unduly enhance the technical considerations of common-law pleadings. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 124-25, 302 N.E.2d 64, 66.) Significantly, and contrary to defendants' assertion in this case, section 2—616(b) has been applied to permit the adding or substitution of plaintiffs despite the passing of an applicable limitation period. *Halberstadt*, 55 Ill. 2d 121, 302 N.E.2d 64; *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 207 N.E.2d 440; *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 122 N.E.2d 540; *Joyce v. Wilner* (1987), 156 Ill. App. 3d 702, 509 N.E.2d 769; *Stringer v. Estate of Jasaitis* (1986), 146 Ill. App. 3d 270, 496 N.E.2d 1196; *Pavlov v. Konwall* (1983), 113 Ill. App. 3d 576, 447 N.E.2d 982; *Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 382 N.E.2d 95; *Pleasant v. Certified Grocers of Illinois, Inc.* (1976), 39 Ill. App. 3d 83, 350 N.E.2d 65.

■■ Section 2—616(c) is the final provision relevant to this appeal. It provides: "A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon such terms as to costs and continuance that may be just." (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(c).) As the statute provides, a section 2—616(c) amendment may be made before or after judgment and is the only motion to amend a pleading that can be made after judgment. (*Powers v. National Mirror Works* (1977), 52 Ill. App. 3d 592, 367 N.E.2d 763; Illinois Practice, §26.6, at 476.) In addition, like other amendments to pleadings, a motion to amend to conform the pleadings to the proof lies in the discretion of the trial court and is review-

able only for an abuse of that discretion. *McGlaughlin v. Pickerel* (1943), 381 Ill. 574, 46 N.E.2d 368.

■ In this case, section 2—616 permitted the circuit court to allow Albany Incorporated to amend its complaint in order to add the Marszlak partnership as a party plaintiff. Authority for the amendment was provided in sections 2—616(a), (b) and (c), with section 2—616(a) authorizing the addition of a new plaintiff, section 2—616(b) authorizing the assertion of a time-barred claim, and section 2—616(c) allowing the pleadings to conform to the proof.

■ Turning to the merits of the amendment under section 2—616, we believe the amendment met the requirements of section 2—616. In this regard, the record reflects that the initial complaint was timely filed. The record further reflects that the property damage cause of action set forth in the amended complaint grew out of the same transaction or occurrence as that set up in the original complaint. At most, the amended complaint changed only the party asserting the cause of action; the theory and defendants remained the same.

In addition, we note that the "change" brought forth by the amended complaint was one of "form" rather than "substance." This is an important distinction for purposes of determining whether the circuit court abused its discretion in permitting the amendment. We recognize that plaintiffs are to be charged with knowing who owned the service-station premises. However, it is clear from the record that the parties' counsel either knew this fact or believed it unimportant to the proceedings. Indeed, the trial centered on the amount of damages, not who sustained them.

Moreover, defendants' discovery in this matter revealed long before trial that the "real" injured parties in this case were the two Marszlak brothers. Discovery revealed long ago that the exclusive shareholders and officers of Albany Incorporated were the two brothers. It further revealed that the two brothers were the sole partners of the Marszlak partnership. Defendants also knew or should have known long ago that a relationship existed between Albany Incorporated and the Marszlak partnership regarding the subject property. The tax returns for those entities revealed that while Albany Incorporated was deducting rental payments for the property from its gross income, the Marszlak partnership was including the same. These returns also showed that Albany Incorporated took as deductions from its return the bills it incurred in repairing the service station. Thus, while defendants may not have known prior to trial that Albany Incorporated was not the "real parties in interest" for purposes of legal

438

recovery, they were certainly aware that, for purposes of everyday business life, Albany Incorporated and the Marszlak partnership were the alter egos of the two Marszlak brothers.

Accordingly, we believe that the circuit court acted properly in permitting the amendment. Defendants knew everything they needed to know in order to proceed with trial and suffered no prejudice as a result of the amendment. Thus, the circuit court properly permitted Albany Incorporated to amend its complaint to add the Marszlak partnership as a plaintiff. It follows that the court also acted properly when it denied defendants' motion for a partial directed verdict. For the foregoing reasons, the circuit court is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.