JOSEPHINE SOMPOLSKI, As Independent Ex'r of the Estate of Luca Mele, Deceased, Plaintiff-Appellant, v. HENRY MILLER, Defendant-Appellee.

First District (4th Division)  No. 1—91—4098

Opinion filed December 3, 1992.

R. Mark Maritote, of Robert Schey & Associates, of Chicago, for appellant.

Daniel F. Konicek, of Connelly, Mustes & Schroeder, of Geneva, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Josephine Sompolski (plaintiff) appeals from the trial court's dismissal of her wrongful death claim against defendant Henry Miller (defendant). Plaintiff filed the wrongful death claim as the second count in a pleading that sought to amend a single-count personal injury suit previously filed by plaintiff's father, Lucas Mele (Mele), who died after the personal injury claim had been filed. We conclude that plaintiff's wrongful death suit related back to the original personal injury claim filed by Mele, and that the wrongful death suit was therefore not barred by the two-year statute of limitations. Accordingly, we reverse and remand.

The record reveals the following. On April 9, 1986, Mele filed suit against defendant for personal injuries Mele allegedly sustained when he was struck by a vehicle operated by defendant. Mele alleged in his complaint that he was "severely and permanently injured" as a result of the accident, which had occurred on December 10, 1985.

After defendant filed an appearance and answer, the parties proceeded to discovery. In March 1988, plaintiff's counsel filed plaintiff's response to defendant's written interrogatories. In this response, plaintiff's attorney stated that plaintiff's head, legs, arms and torso were injured from the accident. Plaintiff's counsel also stated that plaintiff "is not mentally alert" and "cannot walk, eat or talk." Plaintiff's attorney further stated that plaintiffs' legs were "not functioning because of broken bones," and that plaintiff had sustained "loss of mobility" to his left arm and hand, because of the accident. With respect to further details regarding the nature of the plaintiff's injuries and the medical treatments plaintiff had received therefor, plaintiff's counsel referred defendant to "medical records previously subpoenaed."

On November 14, 1988, Mele died. Seven months later, on May 25, 1989, plaintiff filed a motion to substitute herself for Mele, and to appear in a representative capacity for him, in the personal injury suit filed against defendant. Plaintiff also filed Mele's will in the probate division of the circuit court of Cook County on May 24, 1989. Plaintiff's motion to be named as Mele's representative in the personal injury claim was allowed by the trial court in an order entered June 20, 1989. In June 1991, plaintiff's counsel filed answers to defendant's supplemental written interrogatories. With respect to the nature of the plaintiff's injuries, the response indicated there was "[n]o new information."

On September 27, 1991, more than two years following Mele's death, plaintiff filed an amended complaint that included an additional count for damages relating to Mele's wrongful death. This count alleged that Mele was "severely and permanently injured" by the December 10, 1985, automobile accident, which "caused his death on November 14, 1988." Plaintiff was granted leave to file this amended complaint *instanter*.

On October 10, 1991, plaintiff filed a motion to continue the date of trial, which had been set for October 21, 1991. In the motion, plaintiff stated that "[o]n information and belief, defendant HENRY MILLER, died several years past and his death has never been spread of record nor his estate substituted as a party defendant." Plaintiff stated that "[i]n light of this development, plaintiffs are unable to proceed to trial at this time and respectfully request this Court continue this matter to a date certain." Based upon plaintiff's motion, the court vacated the scheduled trial date and continued the matter for status hearing on December 6, 1991.

On October 11, 1991, in response to plaintiff's amended complaint, defendant's counsel filed a motion to dismiss the wrongful death claim with prejudice. (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(9).) Defendant's attorney argued that the claim should be dismissed because it had been filed more than two years after Mele's death and was therefore barred by the statute of limitations. (Ill. Rev. Stat. 1989, ch. 70, par. 2 (wrongful death claim must be filed within two years following death).) Following briefing and argument, the trial court allowed the motion and dismissed plaintiff's wrongful death claim with prejudice. The trial court also allowed the motion of defendant's attorney that the death of Henry Miller be suggested of record. This appeal followed.

■ Plaintiff argues that her wrongful death claim was not barred by the two-year statute of limitations, because this claim related back to the previously filed personal injury suit, which had been timely filed. To support this argument, plaintiff relies upon section 2—616(b) of the Code of Civil Procedure. Under section 2—616(b), a cause of action alleged in an amended complaint filed after the expiration of the limitations period will relate back to the filing of the original complaint, if the original pleading was timely filed, and if the cause of action in the amended complaint "grew out of the same transaction or occurrence set up in the original pleading." Ill. Rev. Stat. 1991, ch. 110, par. 2—616(b).

The purpose of section 2—616(b) is "to insure fairness to the litigants rather than unduly enhance the technical considerations of common-law pleadings. [Citation.]" (*Albany Park Service, Inc. v. Kenny-Pashen Joint Venture* (1991), 209 Ill. App. 3d 432, 436, 568 N.E.2d 230; *United Parcel Service v. Church's Fried Chicken, Inc.* (1988), 174 Ill. App. 3d 378, 380, 528 N.E.2d 367.) To further this purpose, the court should liberally construe the requirements of section 2—616(b) in favor of hearing plaintiff's claim. *Williams v. Board of Education* (1991), 222 Ill. App. 3d 559, 565, 584 N.E.2d 257.

■ The right to amend does not depend on whether the cause of action set out in the amendment is substantially the same as that stated in the original pleading, but depends on whether the amendment relates back to the occurrence set out in the original pleading. (*Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 272-73, 489 N.E.2d 1342; *Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 246, 289 N.E.2d 481.) As long as the defendant has been apprised of the essential information necessary to prepare a defense, an amended complaint will be deemed to relate back to the original pleading (*Weidner v. Carle Foundation Hospital* (1987), 159 Ill. App. 3d 710,

712, 512 N.E.2d 824), and a defendant is not prejudiced by allowance of an amendment "so long as his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him." (*Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 495, 207 N.E.2d 440.) In addition, the liberal provisions of section 2—616(b) apply regardless of whether the claims at issue are governed by a statute of limitations or a prescription that limits the right to bring suit. *Simmons*, 32 Ill. 2d at 494.

With respect to whether the amended pleading arose from the "same transaction or occurrence" as that set out in the original complaint, the Illinois Supreme Court has observed that " '[i]nstead of splitting hairs over types of faults, the [proper] inquiry is whether there is enough in the original description to indicate that plaintiff is not attempting to slip in an entirely distinct claim in violation of the spirit of the limitations act.' " (*Simmons*, 32 Ill. 2d at 497, quoting McCaskill, Illinois Civil Practice Act Annotated 126-27 (1936).) The court has directed that the " 'test is to be a real one, rather than one based upon artificial rules of pleading' " and that " '[i]dentity of true claim, which lies behind the descriptions, is the test.' " *Simmons*, 32 Ill. 2d at 497, quoting McCaskill, Illinois Civil Practice Act Annotated 126-27 (1936).

■ The record in the instant cause indicates that Mele's original personal injury suit was timely filed. The record shows that Mele alleged in his original pleading that he was injured by an automobile operated by defendant on December 10, 1985. Mele's complaint was filed only months after the accident, in April 1986. The record also establishes that the additional wrongful death claim filed by plaintiff arose from the same transaction or occurrence as that at issue in Mele's original complaint, *i.e.*, the December 1985 automobile accident.

Moreover, the record reveals that the defendant was advised of the essential facts necessary to prepare his defense. Mele's original complaint alleged that he had been severely injured in the accident. The initial response to defendant's written interrogatories provided defendant with details of Mele's medical condition, including the circumstance that Mele was not mentally alert and could not walk, eat, or talk. Defendant was timely informed that Mele had died, and plaintiff was properly granted leave to substitute herself for Mele less than two years after his death.

In light of these considerations, plaintiff's wrongful death suit was not an attempt to "slip in an entirely distinct claim," but was instead an effort to recover full damages for the injuries Mele sustained as a result of the defendant's alleged negligence in the December 1985 au-

tomobile accident. Consequently, plaintiff's wrongful death claim related back to Mele's original personal injury suit.

Defendant's attorney argues that plaintiff's wrongful death suit was a new cause of action alleging a new fact, *i.e.*, Mele's death, not stated in the original personal injury claim. Defendant's counsel contends that because of the additional fact of Mele's death, the original personal injury suit and the subsequent wrongful death claim do not arise "from the same transaction or occurrence." We disagree.

The case at bar is substantially similar to *Cain v. New York Central R.R. Co.* (1962), 35 Ill. App. 2d 333, 182 N.E.2d 910. In *Cain*, the plaintiff husband originally filed a wrongful death claim alleging that the defendant's negligence had proximately caused his wife's death. After the statute of limitations had expired, the plaintiff attempted to amend his pleading to include a survival action recovering damages for the decedent's injuries before her death. The court held that the plaintiff's survival claim related back to the date that the original wrongful death suit had been filed. The court rejected the defendant's argument that relation back was not proper because a cause of action for wrongful death is separate and distinct from an action for personal injuries. In so ruling, the court observed that "both counts are based on the same occurrence and the negligence charged in both counts is identical." 35 Ill. App. 2d at 338-39; see also *Frankenthal v. Grand Trunk Western R.R. Co.* (1983), 120 Ill. App. 3d 409, 418, 458 N.E.2d 530 (plaintiff should have been permitted to refile original wrongful death claim and to add survival action that related back to date wrongful death suit originally filed).

The court's reasoning in *Cain* is equally applicable to the case at bar. Both plaintiff's wrongful death suit and her survival action are based on the same occurrence, *i.e.*, the December 1985 accident. In addition, both claims sound in negligence and make the same allegations respecting defendant's alleged liability for Mele's injuries. Based upon this precedent, plaintiff's amended complaint, seeking damages for wrongful death, related back to the original pleading that sought damages for personal injuries. See also *Lamont v. Wolfe* (1983), 142 Cal. App. 3d 375, 190 Cal. Rptr. 874; *Caffaro v. Trayna* (1974), 35 N.Y.2d 245, 360 N.Y.S.2d 847, 319 N.E.2d 174 (plaintiff's amended complaint alleging wrongful death claim related back to original pleading for personal injuries); see generally Annot., *Right to Amend Pending Personal Injury Action by Including Action for Wrongful Death after Statute of Limitations Has Run against Independent Death Action*, 71 A.L.R.3d 933 (1976).

The Illinois decisions upon which defendant's attorney relies are factually distinguishable from the case at bar, as in each the plaintiff's amended pleading attempted to add a new party and to include a new cause of action for that new party's recovery. (*Janetis v. Christensen* (1990), 200 Ill. App. 3d 581, 558 N.E.2d 304 (wife's suit for family expenses time-barred and did not relate back to date husband filed his original personal injury complaint, because family expense claim was new cause of action by new party); *McGinnis v. A.R. Abrams, Inc.* (1986), 141 Ill. App. 3d 417, 490 N.E.2d 115 (plaintiff's spouse's suit for loss of consortium did not relate back to plaintiff's suit for personal injuries).) These circumstances are not presented in the instant cause. The plaintiff's amended pleading does not seek to add a "new party" to the suit, since plaintiff had been properly allowed to substitute herself for Mele upon the latter's death. See Ill. Rev. Stat. 1991, ch. 110, par. 2—1008 (substitution of parties); *Marcus v. Art Nissen & Son, Inc.* (1991), 224 Ill. App. 3d 464, 586 N.E.2d 694.

Defendant also relies upon an unreported Federal district court decision that declined to allow a plaintiff's amended complaint for wrongful death to relate back to the previously filed personal injury suit. (*Murray v. Manville Corp.* (N.D. Ill. Oct. 4, 1990), No. 87—C—5545 (memorandum opinion affirmed on rehearing December 21, 1990).) We note that the Federal district court's decision is not binding on this court (see, *e.g., People v. Fields* (1990), 135 Ill. 2d 18, 72, 552 N.E.2d 791), and we decline to adopt that decision of the Federal district court herein.

Defendant's attorney also appears to argue that relation back would be inequitable under the facts of this case, since the cause was set for trial only a few weeks before plaintiff filed her amended complaint. We note, however, that the cause was not rescheduled for trial because of plaintiff's filing of an amended complaint. According to the record, the scheduled trial date was continued because defendant's counsel had failed to alert the court, or spread of record, the circumstance that defendant had died long before plaintiff filed her amended complaint. We express no opinion with respect to whether this cause could or should proceed absent substitution of a personal representative on behalf of the deceased defendant (see Ill. Rev. Stat. 1991, ch. 110, par. 2—1008 (requiring substitution upon death of party)), and we note our amazement that defendant's counsel chose to file a motion to dismiss plaintiff's amended complaint on defendant's behalf, even though the defendant was deceased at the time the motion was filed. (See, *e.g., In re Marriage of Fredricksen* (1987), 159 Ill. App. 3d 743, 745, 512 N.E.2d 1080 (attorney-client relationship terminates upon cli-

ent's death and counsel's subsequent authority to represent deceased client's interest "must come from the personal representatives of the decedent").) Under the circumstances before us, we find defense counsel's argument in this respect inadequate basis to conclude that plaintiff's wrongful death claim did not relate back to Mele's timely filed personal injury suit.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.