Charles H. Mann, Assignee of Matthias H. Mann and Annie A. Mann, Appellees, v. City of Chicago, Appellant.

Gen. No. 41,854.

Heard in the second division of this court for the first district at the October term, 1941.

Opinion filed June 19, 1942. Rehearing denied July 1, 1942.

BARNET HODES, Corporation Counsel, for appellant; JAMES A. VELDE, EMMETT I. HARRINGTON and BARNEY FAGEN, Assistant Corporation Counsel, of counsel.

MASON & MASON, of Chicago, for appellees; GEORGE A. MASON, of Chicago, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

Matthias H. Mann brought an action to recover interest on a judgment entered in a condemnation proceeding. An amendment to the complaint was thereafter filed, which alleged that Charles H. Mann, by reason of an assignment from Matthias H. Mann, was the sole owner of the condemnation judgment, and Charles H. Mann was substituted as plaintiff. During the hearing of the cause Annie A. Mann, the wife of Matthias H. Mann, was "introduced as a co-plaintiff" with Charles H. Mann. There was a trial by the court without a jury and a judgment was entered in favor of Annie A. Mann and Charles H. Mann and against defendant, City of Chicago, in the sum of $2,059.37. Defendant appeals, contending that the trial court should have entered judgment in its favor as to the claim of Annie A. Mann and should have entered judgment in favor of Charles H. Mann, as assignee, in the sum of $1,029.69.

The complaint filed by Matthias H. Mann on February 15, 1934, alleges that on April 30, 1929, a condemnation judgment in the sum of $52,083 was entered in his favor and against defendant; that various partial payments were made on the judgment, and that on January 6, 1931, the balance was paid in full;

that he was the owner in fee simple of the property condemned; that interest was not paid on the judgment. The complaint prays for judgment for interest on $52,083 for the period from April 30, 1929, to August 13, 1930, at which date $46,787 was paid on the judgment; prays for interest on the balance to September 17, 1930, at which time $1,171.50 was paid on the judgment, and for interest on the remaining balance to January 6, 1931, at which time defendant paid $4,124.50, the balance due on the condemnation judgment. Defendant's answer, filed May 10, 1934, *inter alia,* denies that the condemnation judgment was in favor of Matthias H. Mann and avers that it was in favor of "the owner or owners of and parties interested in that part of the premises which was condemned;" and alleges that the balance of the judgment was paid to the Capital State Savings Bank, the assignee of Matthias H. Mann and Annie A. Mann, and that the Bank acknowledged receipt in full for all claims for damages by reason of the condemnation proceedings. On March 29, 1940, by leave of court, Charles H. Mann filed an amendment to the complaint, which alleges that on March 8, 1940, a written assignment was executed by Matthias H. Mann to Charles H. Mann; that the latter was the sole owner of the condemnation judgment, and he was substituted as plaintiff. On January 23, 1941, by leave of court, Charles H. Mann, as assignee, filed a second amendment to the complaint, introducing Annie A. Mann as co-plaintiff. This amendment alleges that Annie A. was the wife of Matthias H. and that Charles H., as assignee, and Annie A. were "the owners of all interest in the final judgment of condemnation." Defendant filed an answer to the second amendment, which alleges that if defendant is liable for interest, in no event is it liable for more than interest on that portion of the judgment represented by the claim of Charles H., as assignee, and that Annie A. "ought not

to have the aforesaid action against it, the defendant, because defendant says that the supposed cause of action did not accrue to the co-plaintiff, Annie A. Mann, at any time within five years next prior to the filing of the second amendment to the declaration herein.''

Most of the pertinent facts are stated in the pleadings. From evidence introduced at the hearing, it appears that on September 22, 1930, the Capital State Savings Bank paid $4,124.50 to Matthias H. and took an assignment from him and Annie A. for the balance, $4,124.50, then due on the condemnation judgment; that the net amount awarded Matthias H. and Annie A. in the condemnation proceedings was $33,661.50; that on August 13, 1930, the City paid $29,537 on account of the judgment; that because the City had not paid Matthias H. the full amount of the judgment he tried to prevent the City from opening the street at the place in question, but the officials of the Bank desired the improvement because of the benefit to the neighborhood and the Bank lent to Matthias H. and Annie A. the balance due upon the judgment, $4,124.50, without interest, and took an assignment from them for the balance due on the judgment, which balance was paid by the City to the Bank on February 2, 1931. The property condemned was owned in joint tenancy by Matthias H. and Annie A., and she never assigned her interest to her husband. Charles H. was a son of the latter and Annie A. During the trial the court suggested that the son should get an assignment from his mother, and she made such an assignment on December 11, 1940, at which time the court ruled that Charles H. be allowed to introduce Annie A. as a co-plaintiff, and he was allowed to file the second amendment to the complaint. Over the objection of defendant, the plaintiffs were then allowed to introduce a revocation of the assignment of December 11, 1940.

Defendant contends (I), "The claims of Matthias H. Mann and Annie A. Mann for interest created separate causes of action;" and (II), "The claim of Annie A. Mann was barred by the Statute of Limitations and section 46 of the Civil Practice Act does not apply." In support of the contentions defendant makes the following statement of its position upon this appeal: "In the present case the original suit was begun by Matthias H. Mann for the entire amount of interest claimed due on a judgment paid by the City. He had a right to bring suit for his share of the interest claimed. He had no right to recover the entire amount. After the period had run against his wife, the court allowed the amendment to be made, making her an additional party plaintiff. This was not merely an amendment to cure a defect or to substitute a proper party, but an attempt to assert a new and separate cause of action for the recovery of her claim for interest. The amendment was made after the statutory period had expired. Her right to recover was barred since her action was separate and distinct. Payment to her husband alone of the full amount sought to be recovered would not be payment to her and, if not barred by the statute, she would have a right to recover her share in a separate action. The plaintiffs have attempted to inject a new cause of action by amendment under section 46 of the Civil Practice Act. While this section liberalizes the amending of pleadings, it has not gone so far as to deprive a defendant of the defense of the statute of limitations against a cause of action not asserted in apt time by the plaintiff. A construction of the section as made by the trial court deprives the defendant of the right to make a valid defense."

The instant claim for interest arises solely by reason of the statute (Ill. Rev. Stat. 1941, ch. 74, par. 3, sec. 3 [Jones Ill. Stats. Ann. 67.03]). Interest on a

judgment is not a part of the judgment nor can it be considered a part of the value of the land taken, for which the judgment was entered. (See *Blakeslee's Warehouses v. City of Chicago,* 369 Ill. 480, 483, 484.) A claim for interest under a condemnation judgment is personal property. The present case must be considered the same as one in which claims for interest are made by two persons who are not husband and wife. Each of the plaintiffs had a separate claim for interest and each had a separate right to sue for his or her undivided share. Matthias H. had no right to sue for the full amount of the claim for interest in his own name because it is conceded that Annie A. never made an assignment of her interest to him. We do not understand that plaintiffs contend that Matthias H., under the original complaint, could have obtained a judgment for Annie A.'s share of the interest. Indeed, the record shows that the trial court and plaintiffs' counsel came to the conclusion during the hearing of the cause that it was necessary to make Annie A. a co-plaintiff in order to obtain a judgment that would cover her share of the interest due. Her revocation of the assignment to her son, drafted by the able counsel for plaintiffs, contains the following: "I, Annie A. Mann, hereby revoke and cancel said purported assignment from me to Charles H. Mann, and declare that I am still the owner of an undivided one-half interest in said claim for interest on said condemnation judgment." Charles H.'s waiver of her assignment contains the following: "I, Charles H. Mann do hereby relinquish and waive all my rights, if any, under and by virtue of said purported assignment, and consent to the revocation and cancellation thereof and consent to the entry of judgment in favor of said Annie A. Mann upon her claim for interest, as aforesaid." We are of the opinion that defendant's contention that the claims of Matthias H. and Annie A. for interest constituted separate causes of action,

is a meritorious one. We further hold that there was no suit to enforce the claim of Annie A. for her share of the interest until the trial court allowed the filing of the second amendment, on January 23, 1941.

. As to defendant's contention (II): It is clear that Annie A.'s claim for interest was barred by the Statute of Limitations on the last mentioned date, when she was added as a party plaintiff, unless section 46 of the Civil Practice Act (Ill. Rev. Stat. 1941, ch. 110, par. 170 [Jones Ill. Stats. Ann. 104.046]) saves her from the operation of the statute. Plaintiffs contend that "the introduction of Annie as co-plaintiff did not introduce a new cause of action because Annie's claim grew out of the same transaction or series of transactions as Matt's cause of action. The transaction was the condemnation of land in which both had a title or interest. . . . It is clear that Matt and Annie had not only a joint interest in the land but in its substituted compensation, and by the same token in the interest which accrued on the unpaid judgment of of condemnation."

In *Metropolitan Trust Co. v. Bowman Dairy Co.*, 369 Ill. 222, the Supreme Court states the purpose of section 46 as follows (pp. 229, 230): "Briefly summarized, section 46 permits any amendment of a pleading, filed in apt time, after the time limited for commencing suit to set up a cause of action on any claim which was intended to be brought by the original pleading, provided, only, that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading. The term 'same transaction or occurrence,' so used in the statute, means the same suit. These changes, together with the judicial construction of the prior statutes, evince the legislative intent to remedy the evils incident to the

former legislation and to preserve causes of action against loss by reason of technical rules of pleading. This is manifest from the concluding language of paragraph 2 which specifically declares the purpose of preserving the cause of action.''

In *Fitzpatrick v. Pitcairn*, 371 Ill. 203, an action for wrongful death, begun against a railroad company when it was in the hands of receivers, the complaint named the railroad company as defendant. After the expiration of the one-year limitation period provided by the Limitations Act the plaintiff was permitted to amend the complaint by making the receivers defendants. In its opinion the court states (p. 204) : ''The question in this case is whether, in an action against an incorporated railroad company for damages on account of wrongful death, the receivers of the railroad company, who were such at the time of the accident and when the suit was begun, may, after the statutory limitation of one year for commencing suit, be added or substituted as defendants in place of the railroad company.'' After a consideration of the question the court held (p. 210) : ''The suits at bar were not commenced against the receivers within the one-year limitation prescribed by the Injuries act. Substituting them as defendants after the limitation period is not within the purview of section 46 of the Civil Practice act.''

In *In re Estate of Whipple*, 285 Ill. App. 491, we held that a claim filed in the probate court for interest on a note could not be amended after the expiration of the one-year limitation provided for in the Administration Act by adding a claim for the principal of the note. There the claimant contended that section 46 of the Civil Practice Act permitted the amendment. As to that section we said (p. 498) : ''This provision was evidently intended to afford parties the right to take advantage of defects in form, such as the improper statement of a claim, but it was not intended

to nullify the one-year limitation provided in the Administration Act and to permit amendments after the running of the statute, setting up entirely new causes of action." The Supreme Court denied a petition for leave to appeal in that cause (see 285 Ill. App. xlviii). (See, also, *First Nat. Bank v. Dolton,* 288 Ill. App. 85, 97. Petition for leave to appeal dismissed, 291 Ill. App. xxiii; *Nolan v. Sloan,* 305 Ill. App. 71, opinion by Mr. Justice FULTON.)

Plaintiffs have cited a number of cases in support of their contention that the second amendment to the complaint does not state a new cause of action and therefore the Statute of Limitations does not apply. These cases, in our judgment, are not applicable to the situation presented by the instant record. Plaintiffs argue that the claim of Annie A. did not introduce a new cause of action because her claim grew out of the same transaction as the claim of Matthias H.; that "Matt and Annie derived their right to the accrued interest from the same source, namely, the unpaid judgment of condemnation awarding compensation for taking their joint interests in the land and in the compensation which was substituted for the land." We have heretofore referred to the case of *Blakeslee's Warehouses v. City of Chicago,* in which the court held that interest on a condemnation judgment is not a part of it and that (p. 484) "the interest on the judgment cannot be considered a part of the value of the land taken, for which the judgment was entered." We have also referred to the fact that the claim for interest is predicated solely upon section 3 of the Interest Act. We have heretofore stated that the original complaint involved only Matthias H.'s claim for interest, that it did not state a cause of action as to Annie A.'s claim, and that the second amendment added a new and different claim from the one stated in the original complaint. As defendant well states: "The practical effect of the plaintiff's

contention shows how untenable it is. In this case there are two claims involved, and the claimants happen to be husband and wife. If ten strangers were the owners of the land condemned and their claims for interest on the judgment grew out of the same transaction, nine of them could add their claims years after the limitation period had expired if one of them had begun a suit within the statutory period."

Plaintiffs make the contention that the City knew when it filed its answer to the original complaint that Annie A. was entitled to a share of the interest but it did not invoke the Statute of Limitations and by its failure in that regard it misled plaintiff and lulled him to sleep; that this conduct of defendant amounted to an attempted fraud upon plaintiff and that the Statute of Limitations will not avail as an instrument of fraud. This contention and the argument in support of it hardly merit serious consideration. As a matter of fact, defendant, in its original answer, stated that the condemnation judgment was not in favor of Matthias H. alone but that it was in favor of "the owner or owners of and parties interested in that part of the premises which was condemned," thereby warning plaintiff of the true situation. Until the second amendment to the complaint, which introduced the claim of Annie A., was filed defendant had no right to plead the Statute of Limitations. Under section 22 of the Limitations Act (Ill. Rev. Stat. 1941, ch. 83, par. 23 [Jones Ill. Stats. Ann. 107.282]) the only concealment by the defendant that postpones the running of the statute is where the defendant "fraudulently conceals the cause of such action from the knowledge of the person entitled thereto."

In *Parmelee v. Price*, 105 Ill. App. 271, the court, in speaking of section 22 of the Limitations Act, said (p. 282): "This is the only provision in the statute excusing strict compliance with its terms, on account of want of knowledge, and impliedly excludes want

of knowledge arising from any other cause than the fraudulent concealment mentioned, as an excuse for not bringing suit within the time limited by the statute.'' That case was affirmed by the Supreme Court in *Parmelee v. Price,* 208 Ill. 544, where the court said (p. 561):

''Section 22 of chapter 83 of Hurd's Revised Statutes of 1901 provides: 'If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards.'

''It will be observed that to prevent the running of the statute it must be shown that the person liable to the action 'fraudulently conceals the cause of such action.' No such fraudulent concealment is averred. The mere statement that the creditor had no knowledge of the existence of the cause of action does not amount to a statement that the person liable has fraudulently concealed the cause of action, and is not sufficient to prevent the application of the Statute of Limitations. *Connor v. Goodman,* 104 Ill. 365.''

In the instant case Matthias H. when he filed the original complaint had full knowledge of the rights of Annie A. in the matter of the claim for interest.

We hold that the claim of Annie A. Mann was barred by the Statute of Limitations.

Plaintiffs have seen fit to question the honesty of defendant in making the defense of the Statute of Limitations. The City, like any other defendant, has the right to interpose a defense under that statute and it seems to us that counsel for the City might well be criticized if they had failed to make that defense.

The judgment order of the circuit court of Cook county is reversed, and judgment is entered here in favor of Charles H. Mann, as assignee of Matthias H. Mann, and against City of Chicago, a municipal

corporation, defendant, in the sum of $1,029.69; and as to the claim of Annie A. Mann judgment is entered here in favor of City of Chicago, a municipal corporation, defendant.

*Judgment order reversed, and judgment here in favor Charles H. Mann, as assignee of Matthias H. Mann, and against City of Chicago, a municipal corporation, defendant, in the sum of $1,029.69; and as to claim of Annie A. Mann judgment here in favor of City of Chicago, a municipal corporation, defendant.*

SULLIVAN and FRIEND, JJ., concur.