JAMES McGINNIS *et al.*, Plaintiffs-Appellants, v. A. R. ABRAMS, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 4—85—0208

Opinion filed February 25, 1986.

Alan D. Bourey and Martha O. Eller, both of Decatur, for appellants.

Nicholas J. Neiers and Mark E. Jackson, both of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellee Charles Burse.

Heyl, Royster, Voelker & Allen, of Springfield (Kevin L. Mechler, of counsel), for appellee Richard L. Bowen AIA & Associates.

Edward W. Huntley, of Holley, Keith & Mehlick, of Springfield, for other appellees.

JUSTICE HEIPLE delivered the opinion of the court:

This is an appeal from the dismissal of several counts of a far-ranging personal injury complaint.

Plaintiff, James McGinnis, was injured when he tripped over a door casing at his place of employment, a Decatur K mart. The incident in question occurred on August 23, 1982.

On July 25, 1984, plaintiff filed a four-count complaint. Counts I, II and IV were directed against parties not involved in this appeal. Count III charged defendant Richard L. Bowen AIA and Associates

(Bowen), the architect of the building, with negligence. Along with the complaint plaintiff filed a "Motion for Leave to Conduct Discovery Depositions Prior to Defendants' Time to Appear." The motion alleged that plaintiff needed to conduct discovery immediately to ascertain the identity of potential defendants before the running of the statute of limitations. The motion was allowed.

On August 23, 1984, exactly two years after plaintiff's accident, an amended complaint was filed. The record reveals that leave of court was not obtained prior to this filing.

Count VI of the amended complaint named as a defendant Charles Burse, d/b/a Overhead Door Company of Decatur (Burse). Count XIV was a consortium claim brought by plaintiff's wife, Marilyn McGinnis, against Burse. Counts VIII and XVI were of a similar nature, but named Louis Sano and Felix Sano, d/b/a Sano Manufacturing and/or Sano Manufacturing Co., Inc., a corporation (this was a misspelling; these defendants will hereinafter be referred to as "Saino"). Count XI added a consortium claim against Bowen.

In September 1984, Bowen, Burse and Saino all filed motions to dismiss, although Bowen's motion was directed only to count III. None of these motions raised the statute of limitations as a ground for dismissing the complaint.

On October 5, 1984, the court granted the Burse motion to dismiss counts VI and XIV without prejudice, denied the Saino motion and cancelled the allotment for the Bowen motion.

On October 26, plaintiffs filed a second amended complaint. The complaint contained new counts III, VIII, XI and XVI, even though those counts had not been dismissed from the amended complaint.

On January 4, 1985, Saino and Burse moved to dismiss all counts directed against them. The gravamen of the motions was that the August 23 amended complaint was filed without leave of court and was therefore a nullity. Accordingly, no proper complaint was filed within the two-year limitations period. On January 16, Bowen filed a similar motion attacking count XI, Marilyn McGinnis' consortium claim. On February 28, plaintiffs filed their first motion for leave to amend, which alternatively alleged that leave was unnecessary in the first instance.

On March 4, the court dismissed counts VI, VIII, XI, XIV and XVI with prejudice based on the statute of limitations. The court further found that there was no just cause for delaying appeal.

■ The theory urged by defendants finds support in recent case law. In both *Allen v. Archer Daniels Midland Co.* (1985), 129 Ill. App. 3d 783, 473 N.E.2d 137, and *Petrella v. Leisky* (1981), 92 Ill.

App. 3d 880, 417 N.E.2d 134, plaintiffs filed additional counts against new parties before the running of the statute of limitations, but without first obtaining leave of court. In each case, it was held that the unauthorized amendments were nullities, and neither satisfied nor tolled the statute of limitations.

Plaintiffs urge several reasons why *Allen* and *Petrella* should not apply. It is argued that defendants waived the statute of limitations by filing motions to dismiss which did not raise the statute as a bar to the respective counts. This position finds no support in the Code of Civil Procedure. Also, in *Metropolitan Sanitary District v. Anthony Pontarelli & Sons, Inc.* (1972), 7 Ill. App. 3d 829, 288 N.E.2d 905, it was held that failure to raise the statute of limitations by answer or motion did not bar a motion for summary judgment based thereon. Since we believe this to have been a proper decision, then, *a fortiori,* a waiver argument is inapplicable here.

■ Plaintiffs argue that the motions to dismiss of Saino and Bowen were untimely. Supreme Court Rule 181(a) (87 Ill. 2d R. 181(a)) is cited. Rule 181(a) provides that "[w]hen *the summons* requires appearance within 30 days *** [t]he defendant may make his appearance by filing a motion within the 30-day period." (Emphasis added.) Plaintiffs would extrapolate this rule, which applies to pleadings accompanied by summons, to apply to amended pleadings. This is clearly untenable. The unusual posture of the instant case is reason enough to reject plaintiffs' proposal. More to the point, Rule 181(a) unquestionably applies to an original complaint. However, the procedure to be followed under an amended complaint must be left to the discretion of the trial court whenever possible in order to accommodate the vagaries of various multiparty, multicount complaints.

Plaintiffs further contend that the court either explicitly or implicitly granted leave to file an amended complaint. The explicit leave argument is premised upon the October 5 order, which dismissed certain counts without prejudice with leave to refile. This was supposedly an explicit authorization of the second amended complaint, which was the pleading attacked by the statute of limitations motions.

■ This argument misses the point. Once August 23 had passed with no effective complaint on file against the instant defendants, it scarcely mattered what authorizations were given thereafter. (In fact, the only explicit leave granted in the October 5 order related to Burse. The Saino motion was denied and the Bowen motion was not addressed. Plaintiffs could have argued that by failing to object to the granting of leave to refile, Burse consented to a pleading filed beyond the limitations period. But plaintiffs have made no such argument and

the point is waived.)

The implicit leave argument is not without merit, but nonetheless runs afoul of the holding in *Allen v. Archer Daniels Midland Co.* (1985), 129 Ill. App. 3d 783, 473 N.E.2d 137. In granting the motion for early discovery to ascertain other defendants, it is not beyond debate whether the court implicitly consented to an amended complaint naming parties so discovered. However, the *Allen* court ruled unequivocally in response to an implicit leave argument that without a court order, leave is not obtained. 129 Ill. App. 3d 783, 787, 473 N.E.2d 137.

■■ Plaintiffs next contend that by obtaining leave of court on February 28 to file an amended pleading, the counts against Burse were proper under section 2—616(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)). This provision reads as follows:

> "(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleadings grew out of the same transaction or occurrence set up in the original pleading *** ."

Section 2—616(d) typically comes into play where plaintiff names the wrong entity as defendant but manages to serve an agent of the proper defendant. Here, in this atypical setting, plaintiffs assert that the failure to name Burse in a timely fashion was inadvertent and that the other elements of this section were satisfied.

We believe that plaintiffs' failure to name Burse in a timely manner was not inadvertent. As seen in a vast array of cases, inadver-

tence is usually manifested in a misunderstanding of the status of a business entity, which leads to a technical misnomer. Here, the alleged inadvertence was the failure to follow a fundamental rule of procedure, namely, the proper way to add parties and causes of action in an amended complaint. Were we to accept plaintiffs' line of reasoning, the rules of procedure would be reduced to advisory guidelines, enforceable only upon the caprice of a cantankerous court. Thus, we will adhere to the interpretation of inadvertence as "excusable ignorance, not inexcusable failure to act after the facts are discovered." *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 61, 176 N.E.2d 659.

■ Finally, plaintiffs argue that count XI directed against Bowen is proper under Rule 2—616(b). The substance of Rule 2—616(b) is that if a defendant is properly served before the running of the statute of limitations, a cause of action set up in an amended pleading filed after the running of the limitations period relates back to the date of the original filing if the new cause of action arose out of the same transaction or occurrence as the original cause of action. Plaintiffs contend that Marilyn's consortium action in count XI relates back to James' original count III against Bowen.

We do not agree. In *Mann v. City of Chicago* (1942), 315 Ill. App. 179, 42 N.E.2d 862, a husband and wife each had a cause of action for half of the interest on a condemnation judgment. The wife, however, was added as a party after the applicable limitations period. The wife argued that since her right to recover arose from the same source as her husband's right, then her claim should be allowed to relate back to his. The court disagreed, holding that the predecessor to section 2—616(b) was not designed to allow new parties to hitch their wagons to timely filed complaints. Here, although Marilyn's cause of action is inextricably connected to James', it is still the separate cause of action of a new party. Therefore, it was untimely filed under the *Allen* and *Petrella* holdings.

Accordingly, we affirm the judgment of the circuit court of Macon County.

Affirmed.

BARRY and WOMBACHER, JJ., concur.