ROY DAVID PETERSON, as Father and Next Friend of Daniel Roy Peterson, a Minor, Plaintiff-Appellant, v. HINSDALE WOMEN'S CLINIC *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 1—94—3345

Opinion filed March 29, 1996.

Michael W. Rathsack, Louis S. Goldstein, and Cindy G. Fluxgold, all of Chicago, for appellant.

John V. Smith II, Robert Marc Chemers, and Anne Scheitlin, all of Chicago, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Roy David Peterson (hereinafter Roy), as father and next friend of Daniel Roy Peterson (hereinafter Daniel), a minor, filed this action in the circuit court of Cook County against defendants Hinsdale Women's Clinic and Dr. Donald A. Amsler, seeking damages for extraordinary medical expenses that will be incurred in raising Daniel as a result of defendants' failure to diagnose and treat the rubella or German measles contracted by Daniel's mother in 1977 during her pregnancy.

Plaintiff's original complaint, filed on July 20, 1990, alleged claims of wrongful life against these and other defendants as well as a claim under the Rights of Married Persons Act (Ill. Rev. Stat. 1991, ch. 40, par. 1015 (now 750 ILCS 65/15 (West 1994))) (hereinafter the Act) which did not expressly name these defendants. The trial court dismissed the complaint for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615 (now 735 ILCS 5/2—615 (West 1994))) but granted plaintiff leave to amend.

Plaintiff filed a first amended complaint alleging wrongful life and wrongful birth claims against these defendants as well as a claim under the Act, which again failed to expressly name these defendants. The trial court dismissed the wrongful life claim, on the basis that such cause of action is not recognized in Illinois, and the claim under the Act, based upon the statute of limitations found in section 13—203 of the Code of Civil Procedure (735 ILCS 5/13—203 (West 1992)). The trial judge granted plaintiff leave to amend.

Plaintiff filed a second amended complaint and defendants moved to dismiss on the same basis. Plaintiff was again granted leave to amend. Plaintiff then filed a third amended complaint alleging wrongful birth against defendants. Defendants moved to dismiss the third amended complaint on the grounds that it failed to state a cause of action recognized in Illinois. The trial court ordered that defendants withdraw their motion. Defendants filed a second motion to dismiss on the grounds that plaintiff's claims were barred by the statute of limitations found in section 13—212 of the Code of Civil Procedure (735 ILCS 5/13—212 (West 1994)). The trial court ruled that, in his amended complaint, plaintiff was attempting to add a new plaintiff, Roy, in his own capacity, to the case after the applicable statute of limitations had run. Thus, the trial court granted defendants' motion to dismiss.

Plaintiff filed a motion for reconsideration in which he argued that the claims set forth in the third amended complaint should relate back to the filing of the original complaint. Plaintiff maintained that the original complaint included a claim by Roy against these defendants, even though they were not expressly named in the prayer for relief. The trial court denied plaintiff's motion. It is from the dismissal of the third amended complaint that plaintiff appeals to this court pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301).

For the reasons which follow, we affirm the judgment of the circuit court.

■ The sole issue presented for review is whether a claim for wrongful birth relates back to an original complaint which alleged wrongful life against these defendants and a claim under the Act against other defendants. In reviewing an order on a motion to dismiss, we apply a *de novo* standard of review. *Dace International, Inc. v. Apple Computer, Inc.*, 275 Ill. App. 3d 234, 237 (1995); see also *Toombs v. City of Champaign*, 245 Ill. App. 3d 580, 583 (1993).

■ Under section 2—616(b) of the Code of Civil Procedure, a cause of action asserted in an amended pleading will relate back to the date of the filing of the original pleading, despite defects in the original pleading, so long as the original pleading was timely when filed

and the cause of action asserted in the amended pleading arose from the same transaction or occurrence as the cause of action set forth in the original pleading. See 735 ILCS 5/2—616(b) (West 1994).

■ Defendants argue that plaintiff's original complaint was untimely when filed, thus precluding the relation back of the wrongful birth claim. Section 13—212(a) of the Code of Civil Procedure provides in pertinent part:

> "[N]o action for damages for injury or death against any physician *** or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, *** of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13—212(a) (West 1994).

Defendants contend that since the alleged malpractice occurred in 1977, a complaint filed in 1990, more than 13 years later, is untimely under the statute.

At the time of the alleged malpractice, the predecessor statute to section 13—212 provided an exception which tolled the statute of limitations where a plaintiff was under the age of 18 years until such individual reached the age of majority. See Ill. Rev. Stat. 1977, ch. 83, par. 22.1. After 1987, however, the provision was amended to prevent any such causes of action from being brought more than eight years after the date on which the alleged act or omission occurred. Ill. Rev. Stat. 1987, ch. 110, par. 13—212(b). To cushion the blow to minors whose causes of action were cut short or terminated by the amended version of the statute, the General Assembly included the following provision: "If the person was under the age of 18 years when the cause of action accrued and, as a result of this amendatory Act of 1987, the action is either barred or there remains less than 3 years to bring such action, then he or she may bring the action within 3 years of July 20, 1987." Ill. Rev. Stat. 1987, ch. 110, par. 13—212(b).

■ In the case *sub judice*, Daniel's cause of action was terminated as a result of the 1987 amendment and, thus, qualified for the special extension granted by the General Assembly. In an attempt to comply with the limitation set forth above, plaintiff filed his original complaint on July 20, 1990. If Daniel had had a proper cause of action

against defendants, such claim would have been timely under section 13—212(b). However, the only claim raised by Daniel was one not recognized in Illinois. Moreover, even if Daniel had asserted a timely cause of action, the wrongful birth claim at issue here could not relate back to Daniel's claim, for it is a new cause of action brought by a new party.

In *McGinnis v. A.R. Abrams, Inc.*, 141 Ill. App. 3d 417 (1986), the original plaintiff filed a four-count complaint against the defendants. In an amended complaint, after the statute of limitations had run, his wife added an additional claim for consortium. The plaintiffs argued that the consortium claim related back to one of the earlier claims brought by the original plaintiff. The *McGinnis* court held that the consortium claim was a separate cause of action by a new party and, thus, could not relate back. *McGinnis*, 141 Ill. App. 3d at 422. Moreover, the *McGinnis* court cited *Mann v. City of Chicago*, 315 Ill. App. 179 (1942), where the appellate court held that the relation back statute was not designed to allow new parties to hitch their wagons to timely filed complaints. *McGinnis*, 141 Ill. App. 3d at 422, citing *Mann*, 315 Ill. App. 179.

Similarly, in the case *sub judice*, the wrongful birth claim is a new cause of action brought by Roy, in his own capacity. Therefore, that claim can only relate back to claims filed by Roy, in his own capacity. Thus, we will examine Roy's claim brought under the Act to determine its sufficiency for purposes of the relation back doctrine.

Defendants argue that the wrongful birth claim cannot relate back to the claim brought under the Act for two reasons: (1) the claim under the Act was untimely and (2) the claim was not brought against these defendants. Because claims brought under the Act are derivative claims, the applicable limitations period is set forth in section 13—203. 735 ILCS 5/13—203 (West 1992); see *Dewey v. Zack*, 272 Ill. App. 3d 742, 746 (1995); see also *Jantis v. Christensen*, 200 Ill. App. 3d 581, 588 (1990). Although claims governed by section 13—203 arise out of injuries to another, courts in the past have consistently held that the extended limitations periods granted to minors in their individual actions did not apply to claims brought by others under section 13—203. *Dewey*, 272 Ill. App. 3d at 746. However, in November 1987, section 13—203 was amended to state, in pertinent part:

> "Where the time in which the cause of action of the injured person whose injuries give rise to the cause of action brought under this Section is tolled or otherwise extended by any other Section of this Act, including *** [section] 13—212, *** the time in which the cause of action must be brought under this Section is also

tolled or extended to coincide with the period of time in which the injured person must commence his or her cause of action." Ill. Rev. Stat. 1987, ch. 110, par. 13—203 (now 735 ILCS 5/13—203 (West 1994)).

In other words, after the 1987 amendment, derivative claims arising out of injuries to minors would be given the extended limitations periods granted to minors for their direct claims.

The relevant question, therefore, is whether the 1987 amendment applies in the case *sub judice* to extend the statute of limitations for filing a derivative claim until three years from July 20, 1987, as set forth in section 13—212(b) for certain claims of minors. The Illinois Supreme Court has stated that where an amendatory act lengthens a limitations period, the amendment shall govern all actions not previously barred. *Arnold Engineering, Inc. v. Industrial Comm'n*, 72 Ill. 2d 161, 165 (1978).

In the case at hand, the alleged malpractice occurred sometime in 1977. At that time, the applicable limitations period for claims brought under section 13—203 was the period of time equivalent to that of actions brought by the injured individual, excluding any special extensions granted to minors. Thus, plaintiff's claim was governed by the limitations period set forth in the predecessor to section 13—212(a), which required that such claims be filed within two years from the date that the plaintiff knew or should have known of the injury, but in no case more than four years after the date on which the act or omission alleged to have caused the injury occurred. See Ill. Rev. Stat. 1977, ch. 83, par. 22.1. Thus, since the alleged malpractice in plaintiff's case occurred in 1977, plaintiff's claim under section 13—203 was barred sometime in 1981. Accordingly, the 1987 amendment to section 13—203 is not applicable to plaintiff's case, and such claim was untimely when brought in 1990.

Because the claim under the Act was untimely when brought, it fails the first prong of the test for relation back set forth in section 2—616. Thus, the wrongful birth claim cannot relate back to that cause of action. Since relation back is precluded due to untimeliness of the original claim, we need not address defendants' second argument that the claim under the Act was not brought against them.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI, P.J., and CERDA, J., concur.