# Illinois Official Reports

## Appellate Court

---

### *Hage v. Kossier*, 2018 IL App (2d) 170901

---

| | |
|---|---|
| Appellate Court Caption | BRITTANY N. HAGE and JOANN M. BLACKMORE, Plaintiffs-Appellants, v. SHANE M. KOSSIER, TRISHA L. PANNKUK, PENNY M. LUDWIG, JOHN W. CLINE, and ANTHONY J. MIATKE, Defendants (Trisha L. Pannkuk, Defendant-Appellee). |
| District & No. | Second District<br>Docket No. 2-17-0901 |
| Filed | August 8, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Stephenson County, No. 12-L-4; the Hon. Glenn R. Schorsch, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | H. Kent Heller, of Heller, Holmes & Associates, P.C., of Mattoon, for appellants.<br><br>Raymond J. Melton, Michael Resis, and Ellen L. Green, of SmithAmundsen LLC, of Rockford, for appellee. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion. Justices Jorgensen and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1   Plaintiffs, Brittany N. Hage and Joann M. Blackmore, appeal the dismissal of count VI of Hage's fourth amended complaint, which added Blackmore as a plaintiff in Hage's action against defendant Trisha L. Pannkuk. Because the allegations in count VI did not arise out of the same transaction or occurrence as Hage's original complaint, count VI was barred by the applicable statute of limitations. Therefore, we affirm the judgment of the circuit court of Stephenson County.

¶ 2                                         I. BACKGROUND

¶ 3   The following facts are taken from the record. On February 1, 2011, during a winter snowstorm, a 13-vehicle accident occurred on Route 72 in Ogle County. The weather conditions included snow on the roadway and blowing snow that greatly reduced visibility. Drivers reported that immediately before the accident their speeds were limited to between 20 and 35 miles per hour, in a 55 mile-per-hour speed zone. Several lawsuits sprang from this incident, two of which are relevant to this appeal.

¶ 4   On April 5, 2012, Hage filed a five-count complaint against defendants, Shane M. Kossier, Pannkuk, Penny M. Ludwig, John W. Cline, and Anthony J. Miatke. In her complaint, Hage alleged that she suffered serious injuries as a passenger in a car driven by Kossier when that car slid into vehicles driven by Ludwig and Cline. Hage further alleged that Kossier's car was then hit from the rear by a car driven by Pannkuk. According to Hage's complaint, the combination of cars was then hit by a vehicle driven by Miatke.

¶ 5   On January 24, 2013, one week before the limitations period would have expired, Blackmore, who was also involved in the accident, filed a single-count complaint against Cline. No other parties were named in that action. Blackmore alleged that she stopped her car in the roadway when she approached another car in the road that was already stopped. She alleged that, when she exited her car to speak with the driver of the car that was stopped in front of her, Cline's car struck her car from behind. Her car was thrust forward, hitting her, running over her foot, and slamming her into a snow bank, causing injuries.

¶ 6   On August 23, 2013, the trial court consolidated the Hage and Blackmore actions for the purposes of discovery only. Between November 2013 and August 2014, the parties deposed Ludwig, Pannkuk, Cline, Blackmore, and Eric Miller, who was involved in the accident but not a party in either of these cases.

¶ 7   On December 7, 2015, Hage sought leave to file a fourth amended complaint.[1] She proposed adding Blackmore as a plaintiff in the claims against Pannkuk, Ludwig, and Cline. Count VI of the proposed fourth amended complaint was directed against Pannkuk. In it, Blackmore alleged that Pannkuk's car collided with Ludwig's and Cline's, which had already collided and struck Blackmore. In other words, the proposed fourth amended complaint included a count by Hage alleging that Pannkuk's car struck the car in which she was riding,

_____

[1]The parties differ as to whether the complaint at issue is the third or fourth amended complaint because a previous amended complaint was served but never filed. For the purpose of this disposition, we refer to the complaint at issue as the fourth amended complaint.

as well as a separate count by Blackmore alleging that Pannkuk's car struck Ludwig's and Cline's cars.

¶ 8    On January 25, 2016, Pannkuk objected to Hage's motion to amend, arguing that the proposed fourth amended complaint was outside the statute of limitations. Moreover, Pannkuk argued, count VI did not relate back to Hage's original complaint because it alleged a new cause of action with different injuries. The trial court granted Hage leave to amend, without commenting on the substance of the relation-back argument. On June 23, 2016, Hage filed her fourth amended complaint.

¶ 9    On August 10, 2016, Pannkuk filed a motion to dismiss count VI of the fourth amended complaint, arguing again that Blackmore's claim did not relate back to Hage's original complaint because it did not arise out of the same transaction or occurrence. Specifically, Pannkuk maintained that count VI was for different injuries and required different proofs to defend. Hage and Blackmore countered that both lawsuits involved "identical facts as well as similar issues of liability and damages" and that the numerous counterclaims for contribution put all defendants on notice that each defendant thought that the others were responsible for the accident. On October 28, 2016, the court denied Pannkuk's motion to dismiss.

¶ 10    On February 28, 2017,[2] Pannkuk filed a motion to reconsider the order denying her motion to dismiss. Pannkuk asserted that Hage suffered whiplash-type injuries to her neck and back inside the car she was riding in when it collided with a car in front of her and then was struck twice from behind by other vehicles. By contrast, Blackmore exited her car uninjured and was then struck by her own car when it was hit by another car, injuring her left foot, neck, and back. Pannkuk argued that these different injuries necessarily involved different treating physicians and different evidence. Pannkuk further argued that she did not depose Blackmore on her injuries because Blackmore had not brought any claims against Pannkuk at that time and the limitations period had expired more than a year earlier. Pannkuk cited *McGinnis v. A.R. Abrams, Inc.*, 141 Ill. App. 3d 417, 422 (1986), where the Fourth District refused to allow a wife to add a new claim to her husband's claim, stating: "[S]ection 2-616(b) [of the Code of Civil Procedure (Code) (735 ILCS 5/2-616(b) (West 2016))] was not designed to allow new parties to hitch their wagons to timely filed complaints." According to Pannkuk, adding Blackmore as a plaintiff in the fourth amended complaint was nothing more than an attempt to circumvent the statute of limitations. Hage and Blackmore argued that all defendants had been involved in this case from the beginning and should have known from the original facts alleged that new claims could arise.

¶ 11    On September 21, 2017, the court ruled on the motion to reconsider. The court found that Hage was injured inside Kossier's vehicle during the chain reaction, while Blackmore had exited her car and was standing in the roadway and was struck as a pedestrian. The court ruled that a jury hearing the Hage and Blackmore cases together would, in essence, be hearing two separate trials. The court found that the proofs would be different and that trying the cases together would lead to "great confusion." While the court recognized that there was "an inextricable connection between the injury to Ms. Blackmore and Ms. Hage," it granted the motion to reconsider and dismissed count VI of the fourth amended complaint, based on *McGinnis*. Hage and Blackmore timely appealed.

_____

[2]Sometime between October 2016 and February 2017, the original judge in the case, Hon. David L. Jeffrey, retired and was replaced by Hon. Glenn R. Schorsch.

## II. ANALYSIS

Plaintiffs contend that the trial court erred in ruling that count VI of the fourth amended complaint did not relate back, pursuant to section 2-616(b) of the Code, to the date that Hage filed her original pleading. Pannkuk responds that count VI did not arise out of the same transaction or occurrence as the original complaint and that the court properly dismissed it.

Section 2-616(b) of the Code defines the relation-back doctrine, the purpose of which is to "preserve causes of action against loss by reason of technical default unrelated to the merits." *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 355 (2008). Section 2-616(b) instructs that an amended pleading otherwise barred by a statute of limitations shall be held to "relate back" to the date of the original pleading when (1) the original pleading was timely filed and (2) the amended pleading grew out of the same transaction or occurrence set up in the original pleading. 735 ILCS 5/2-616(b) (West 2016). The principal element in determining whether an amended complaint grew out of the same transaction or occurrence is whether the defendant was put on notice of the matter covered in the amended complaint by the facts alleged in the original complaint. *Porter*, 227 Ill. 2d at 354. The rationale behind the same-transaction-or-occurrence rule is that a defendant will not be prejudiced by an amendment so long as "his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him." (Internal quotation marks omitted.) *Porter*, 227 Ill. 2d at 355 (quoting *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 167 Ill. 2d 88, 102 (1995)). A statute of limitations and section 2-616(b) are meant to give a defendant a fair opportunity to investigate the circumstances upon which his liability is based while the facts are still accessible. *Porter*, 227 Ill. 2d at 355. In determining whether an amendment relates back to the original pleading under section 2-616(b), a court should consider the entire record to establish whether, before the limitations period expired, the defendant was put on clear notice of the occurrence alleged. *Porter*, 227 Ill. 2d at 355; see also *Wolf v. Meister-Neiberg, Inc.*, 143 Ill. 2d 44, 47-48 (1991). We review *de novo* a trial court's decision as to whether a new claim related back to the original complaint under section 2-616(b). *Porter*, 227 Ill. 2d at 353.

Plaintiffs assert, and Pannkuk concedes, that Hage timely filed her original complaint. As the first element for triggering the relation-back doctrine under section 2-616(b) is met, this case turns on whether the new claim arose out of the same transaction or occurrence alleged in the original complaint.

Plaintiffs contend that Hage's original complaint provided Pannkuk sufficient notice of Blackmore's claim in count VI because the same negligent conduct alleged in the original complaint formed the basis of Blackmore's claim. They cite *Zeh v. Wheeler*, 111 Ill. 2d 266, 279 (1986), where our supreme court opined that, "if the defendant has been made aware of the occurrence or transaction which is the basis for the claim, he can prepare to meet the plaintiff's claim, whatever theory it may be based on." Plaintiffs argue that Hage's allegations of negligence in count II of her original complaint were the basis of Blackmore's claim in count VI and that Pannkuk should have been prepared to meet the claim. In response to objections to her motion to amend, Hage argued, "[I]t is absolutely clear that the claims of the two Plaintiffs arose out of the same nucleus of operative facts."[3]

---

[3]At oral argument, plaintiffs referred to an Illinois Bar Journal article not cited in their briefs (Amelia S. Buragas, *Proximate Cause: Limiting Liability Along the Chain of Causation*, 102 Ill. B.J. 88

¶ 17    *Zeh* involved a single plaintiff who brought a claim of negligence against a landlord for failing to maintain a common stairway. *Zeh*, 111 Ill. 2d at 268. After the expiration of the limitations period, the plaintiff amended her complaint to change the address of the property where the injury occurred. *Zeh*, 111 Ill. 2d at 269. Our supreme court considered whether the facts in the original complaint gave the defendant notice of the occurrence that was the basis of the amended claim. See *Zeh*, 111 Ill. 2d at 280-81. The court found that nothing in the record indicated that the defendant knew or had any notice that the plaintiff's original complaint was making a claim for an injury at the correct location. *Zeh*, 111 Ill. 2d at 281-82. Moreover, the location was significant because it gave the defendant notice of the occurrence against which it was called to defend. *Zeh*, 111 Ill. 2d at 280. Consequently, the court upheld the trial court's dismissal of the amended complaint. *Zeh*, 111 Ill. 2d at 283.

¶ 18    Plaintiffs also cite *Cassidy v. Derek Bryant Insurance Brokers, Ltd.*, 244 Ill. App. 3d 1054, 1061 (1993), to support their argument that a new plaintiff may be added in an amended complaint under section 2-616(b). Although the court in *Cassidy* addressed the circumstances under which a new plaintiff may be added in an amended complaint, the gist of *Cassidy* was whether the new plaintiff's claim grew out of the same occurrence alleged in the original complaint: "[T]he claim of a new plaintiff does not grow out of the occurrence alleged in the original complaint unless the original complaint states facts showing that the misconduct which caused the original plaintiff's harm also caused the new plaintiff's harm ***." *Cassidy*, 244 Ill. App. 3d at 1061. Accordingly, plaintiffs here needed to demonstrate that Blackmore's injuries were caused by the same occurrence that caused Hage's injuries. As discussed below, plaintiffs failed to construct this nexus.

¶ 19    Plaintiffs additionally cite *Sompolski v. Miller*, 239 Ill. App. 3d 1087 (1992), *Castro v. Bellucci*, 338 Ill. App. 3d 386 (2003), *Halberstadt v. Harris Trust & Savings Bank*, 55 Ill. 2d 121 (1973), and *Marek v. O.B. Gyne Specialists II, S.C.*, 319 Ill. App. 3d 690 (2001). Simply stated, all of these cases analyzed whether, before the expiration of the limitations period, the defendants were put on notice of the facts alleged in the amended complaints. They relied on reasoning similar to that our supreme court outlined in *Porter* and *Zeh*. Plaintiffs argue that these cases favor finding that Pannkuk was on notice: "[W]henever an amendment to a complaint is based on the very same actions that formed the original complaint, the newly amended portions to the Complaint successfully relate back to the original claim." Plaintiffs support this contention by asserting that the relevant counts in the original and amended complaints contained identical language. They offer for comparison the two counts, beginning with count II of the original complaint:

    "2. That at all times relevant herein [Pannkuk] was operat[ing] her vehicle in a westerly direction on Route 72 in Forreston Township, Ogle County, Illinois.

---

(2014)), asserting that "it's pretty clear that the law considers this type of an incident a single incident unless there is so much time between collisions." In fact, the article focused on the determination of proximate cause in Illinois tort cases generally. The author of the article used automobile accidents as models to illustrate the issues in determining proximate cause, including one case where an accident that occurred four hours prior to a second accident was found not to be the proximate cause of the second accident. The author acknowledged the difficulties in such determinations, concluding "it is the unique facts of each case that drive the court's ultimate decision." Buragas, *supra*, at 91. We do not find this article apposite, let alone persuasive, for the point that Illinois law favors a finding that the events that took place in this case were a single transaction or occurrence under section 2-616(b) of the Code.

3. At said time and place, [Pannkuk] committed one or more or a combination of the following negligent acts and omissions, to wit:

    a) negligently and carelessly failed and omitted to keep a good and sufficient lookout;

    b) negligently and carelessly failed and omitted to keep [her] vehicle under control;

    c) negligently and carelessly drove at a speed greater than was reasonable and proper in violation of § 11-601(a) of the Illinois Motor Vehicle Code given the weather conditions;

    d) negligently and carelessly failed and omitted to reduce speed to avoid a collision in violation of § 11-601(a) of the Illinois Motor Vehicle Code;

    e) negligently and carelessly followed too close for conditions;

    f) negligently and carelessly came to a sudden stop on the roadway;

    g) negligently and carelessly failed to use that degree of care required to keep [her] vehicle from colliding with other vehicles on the roadway."

Plaintiffs then quoted count VI of the fourth amended complaint:

"2. That at all times relevant herein [Pannkuk] was operating her vehicle in a westerly direction on Route 72 in Forreston Township, Ogle County, Illinois.

3. At said time and place, [Pannkuk] committed one or more or a combination of the following negligent acts and omissions, to wit:

    a) negligently and carelessly failed and omitted to keep a good and sufficient lookout;

    b) negligently and carelessly failed and omitted to keep her vehicle under control;

    c) negligently and carelessly drove at a speed greater than was reasonable and proper in violation of § 11-601(a) of the Illinois Motor Vehicle Code given the weather conditions;

    d) negligently and carelessly failed and omitted to reduce speed to avoid a collision in violation of § 11-601(a) of the Illinois Motor Vehicle Code;

    e) [n]egligently and carelessly followed too close for conditions;

    f) negligently and carelessly came to a sudden stop on the roadway;

    g) negligently and carelessly failed to use that degree of care required to keep [her] vehicle from colliding with other vehicles on the roadway."

Plaintiffs conclude that, because count VI of the fourth amended complaint relied on the exact same acts as count II of the original complaint, Pannkuk possessed the necessary information to build a defense to the amended complaint and it should therefore relate back to the original.

¶ 20    Plaintiffs fail to acknowledge, however, that these conclusions of negligence actually arose from different alleged acts. Although the above-quoted paragraphs were identical, the paragraphs that followed alleged different actions by Pannkuk. Paragraph four of count II of the original complaint read: "[T]he car in which [Hage] was riding *** was hit in the rear by the vehicle driven by Defendant Pannkuk ***." Paragraph four of count VI of the fourth amended complaint read: "[Pannkuk's] car collided with Defendants Ludwig and Cline ***."

Count II alleged that Pannkuk struck Hage, and count VI alleged that Pannkuk struck Ludwig and Cline. Far from identical, these allegations of Pannkuk's actions were in direct conflict.

¶ 21    On the face of the complaints, the injuries arose from different occurrences. As Pannkuk asserts, the mechanism of each injury was separate and distinct. Hage claimed that her whiplash-type injuries were sustained while she was riding in Kossier's car. Blackmore alleged that her injuries occurred when her own car struck her while she was standing in the roadway. Plaintiffs suffered different injuries that occurred at different times and required different providers to treat, and therefore their claims would have required different proofs to defend. There is nothing in the record to indicate that, before the limitations period expired, Pannkuk knew or had any notice that Hage's original complaint, alleging injuries from Pannkuk's car striking the car Hage was riding in, would give rise to the new claim that Pannkuk's car instead struck Ludwig's and Cline's vehicles. Like the plaintiff in *Zeh*, plaintiffs in this case attempted to add significant factual allegations when the original complaint had not put Pannkuk on notice of those potential allegations. Under *Cassidy*, the misconduct that Hage alleged in her original complaint was not the same misconduct that Blackmore alleged caused her injuries, and therefore Blackmore's claim could not have grown out of the same occurrence.

¶ 22    At oral argument, plaintiffs asserted that the "permutations or combinations of what could have happened or what did happen are almost infinite." They argued that section 2-616(b) clearly contemplates adding a new plaintiff and that a new plaintiff would necessarily have a different claim. But that argument does not address the notice issue. This court asked how Pannkuk was put on notice that she might be sued for striking the cars of Ludwig and Cline when the original complaint alleged only that she struck Kossier's vehicle. Plaintiffs answered that the numerous counterclaims for contribution and the depositions put all defendants, including Pannkuk, on notice that they might be at least partially liable for others' injuries. Even accepting that assertion as true, Pannkuk still would not have been put on notice before the limitations period expired. See *Porter*, 227 Ill. 2d at 354-55. The limitations period for these claims expired on February 1, 2013. On May 16, 2013, more than three months later, Kossier filed the first counterclaim for contribution. The first deposition in the record was that of Ludwig, on November 11, 2013. No amount of information that emerged from the counterclaims or depositions could have put Pannkuk on notice *within the limitations period* that she might have to defend against the allegations in count VI of the fourth amended complaint. Without notice, there can be no relation back.

¶ 23    In *McGinnis*, the Fourth District considered whether a new plaintiff's claim related back to the original filing. The original plaintiff was a worker who was injured when he tripped over a door casing at his place of employment. *McGinnis*, 141 Ill. App. 3d at 418. After the limitations period had expired, the worker's wife sought to add a consortium claim, asserting that it related back to the original transaction or occurrence that caused her husband's injuries. *McGinnis*, 141 Ill. App. 3d at 422. The court held that section 2-616(b) was not designed "to allow new parties to hitch their wagons to timely filed complaints." *McGinnis*, 141 Ill. App. 3d at 422. While the wife's cause of action was inextricably connected to her husband's, she was still a new party with a separate complaint that did not relate back to the original pleading. *McGinnis*, 141 Ill. App. 3d at 422. Similarly, here, Blackmore is a new party with a new cause of action. She would have been barred from adding Pannkuk to her own complaint against Cline, because the limitations period had long since expired. She

cannot now circumvent the statute of limitations by hitching her wagon to Hage's timely filed complaint.

¶ 24                                    III. CONCLUSION

¶ 25        For the foregoing reasons, the judgment of the circuit court of Stephenson County is affirmed.

¶ 26        Affirmed.