CECILIA FIGUEROA *et al.*, Plaintiffs-Appellants, v. ILLINOIS MASONIC MEDICAL CENTER, Defendant-Appellee.

First District (6th Division)   No. 1—96—1071

Opinion filed May 30, 1997.

922

Kralovec, Jambois & Schwartz, of Chicago (Steven K. Jambois, of counsel), for appellants.

J. Douglas Klein and Johnson & Bell, Ltd., both of Chicago (Thomas H. Fegan, of counsel), for appellee.

JUSTICE ZWICK delivered the opinion of the court:

Plaintiffs instituted this action seeking recovery for personal injuries allegedly caused by the negligent medical treatment rendered by defendant to Cecilia Figueroa. The trial court dismissed plaintiffs' complaint against defendant, Illinois Masonic Medical Center, finding that the claim asserted in that pleading was barred because it was not presented until after expiration of the applicable statute of limitations. Plaintiffs have appealed the dismissal, contending that the trial court erred in finding that the refiled complaint did not relate back to the timely filing of the initial complaint.

The record reveals that plaintiff Cecilia Figueroa was admitted to defendant's hospital on June 3, 1990, where she underwent labor and the subsequent delivery of her first child by caesarean section. Following the caesarean section procedure, plaintiff was returned to surgery for treatment of internal bleeding. After a period of hospitalization, she was discharged. Three days after her discharge, plaintiff was required to undergo a complete abdominal hysterectomy necessitated by a hemorrhage of her uterus.

On September 10, 1991, plaintiffs brought suit against defendant and two individual physicians, alleging that they acted negligently in treating Cecilia Figueroa after the delivery of her baby during her hospitalization. Specifically, plaintiffs alleged that on June 3, 1990, Cecilia Figueroa was accepted as a patient by defendant, which undertook to diagnose and treat her condition. Plaintiffs alleged further that defendants were negligent in failing to use proper skill and care in the treatment of Cecilia following her caesarean section.

On May 12, 1992, plaintiffs filed an amended complaint that named an additional doctor as a respondent in discovery and that alleged injuries resulting from medical malpractice during the June 3, 1990, hospital stay.

Approximately three years later, on March 16, 1995, plaintiffs filed their interrogatory answers, which disclosed the opinion of their testifying expert. In plaintiffs' expert's opinion, defendant acted negligently during Cecilia's June 3, 1990, admission to the hospital and, specifically, during the labor and delivery of her baby. Plaintiffs' expert also concluded that, during Cecilia's labor and delivery, defendant deviated from acceptable standards of care, resulting in massive bleeding and the necessity of a hysterectomy.

On July 10, 1995, defendant filed a motion to bar the testimony of plaintiffs' expert and a motion for summary judgment, asserting that the opinion of plaintiffs' expert reflected a theory not stated in the amended complaint, i.e., that the defendant's negligence occurred during Cecilia's labor prior to the delivery of her baby.

Plaintiffs voluntarily dismissed their claims on July 18, 1995, and filed a new action on July 24, 1995. In their refiled action, plaintiffs alleged that defendant acted negligently during Cecilia's hospital stay, which commenced on June 3, 1990, and continued at least until June 4, 1990, when she delivered by caesarean section. The physician's report that was attached to this complaint specifically asserted that defendant was negligent in treating Cecilia during the period of her labor and prior to the delivery of her baby by caesarean section.

On December 6, 1995, defendant brought a motion to dismiss pursuant to section 2—619 of the Illinois Code of Civil Procedure (735

ILCS 5/2—619 (West 1994)), contending that the medical malpractice claims asserted in plaintiffs' refiled complaint were barred because they were not presented within the applicable two-year limitations period (735 ILCS 5/13—212 (West 1994)) and because those claims did not relate back to the filing of the original complaint in September 1991.

The trial court agreed, dismissing plaintiffs' action with prejudice on March 6, 1996, and plaintiffs have appealed.

It is undisputed that the original complaint was timely filed. Consequently, the sole question raised on appeal is whether the refiled complaint related back to the timely filing of plaintiffs' original complaint.

■ In accordance with the provisions of section 2—616(b) of the Code of Civil Procedure (735 ILCS 5/2—616(b) (West 1996)), a cause of action alleged in an amended or refiled complaint, after the expiration of the limitations period, will relate back to the filing of the original complaint if (1) the original pleading was timely filed, and (2) the original and subsequent pleadings indicate that the cause of action asserted in the later pleading grew out of the same transaction or occurrence set up in the original pleading. See *Wolf v. Meister-Neiberg, Inc.*, 143 Ill. 2d 44, 46, 570 N.E.2d 327 (1991); *Zeh v. Wheeler*, 111 Ill. 2d 266, 270-71, 489 N.E.2d 1342 (1986).

■ The purpose of section 2—616(b) is to insure fairness to the litigants rather than unduly enhance the technical considerations of common-law pleadings. *Sompolski v. Miller*, 239 Ill. App. 3d 1087, 1090, 608 N.E.2d 54 (1992), quoting *Albany Park Service, Inc. v. Kenny-Pashen Joint Venture*, 209 Ill. App. 3d 432, 436, 568 N.E.2d 230 (1991); *United Parcel Service v. Church's Fried Chicken, Inc.*, 174 Ill. App. 3d 378, 380, 528 N.E.2d 367 (1988). To further this purpose, the court should liberally construe the requirements of section 2—616(b) in favor of hearing plaintiff's claim. *Sompolski*, 239 Ill. App. 3d at 1090, citing *Williams v. Board of Education*, 222 Ill. App. 3d 559, 565, 584 N.E.2d 257 (1991).

■ In ascertaining whether the subsequent pleading relates back to the filing of the initial pleading, the focus is not on the nature of the causes of action, but on the identity of the transaction or occurrence. *Zeh*, 111 Ill. 2d at 272-73; *Weber v. Cueto*, 253 Ill. App. 3d 509, 516, 624 N.E.2d 442 (1993). Thus, the cause of action asserted in the later complaint need not be identical to or substantially the same as the claim raised in the original pleading. *Weber*, 253 Ill. App. 3d at 515. Relation back will be allowed where the defendant has been made aware of the occurrence or transaction that is the basis for the plaintiff's claim. *Zeh*, 111 Ill. 2d at 279; *Weber*, 253 Ill. App. 3d at 516.

A subsequent pleading relates back when the original complaint supplies defendant with the essential information necessary to prepare a defense to the claim asserted in the subsequent pleading. *Cannon v. Bryant*, 196 Ill. App. 3d 891, 895, 554 N.E.2d 489 (1990); *Digby v. Chicago Park District*, 240 Ill. App. 3d 88, 91-92, 608 N.E.2d 116 (1992). Under these circumstances, the defendant will be able to defend against the plaintiff's claim, whatever theory it may be predicated upon. *Zeh*, 111 Ill. 2d at 279; *Weber*, 253 Ill. App. 3d at 516. The rationale for this rule is that a defendant will not be prejudiced so long as his attention has been directed within the limitations period to the facts that form the basis of the claim asserted against him. *Zeh*, 111 Ill. 2d at 273, quoting *Simmons v. Hendricks*, 32 Ill. 2d 489, 495, 207 N.E.2d 440 (1965); *Doherty v. Cummins-Allison Corp.*, 256 Ill. App. 3d 624, 629, 628 N.E.2d 731 (1993).

■ With these standards in mind, we examine the allegations contained in the original pleading and conclude that the claims asserted in the refiled complaint did arise out of the same transaction or occurrence. The original complaint alleged that on June 3, 1990, Cecilia Figueroa was accepted as a patient and hospitalized by defendant, which undertook to diagnose and treat her condition. That pleading sought recovery for injuries resulting from treatment rendered during that hospitalization. Although the original complaint focused upon defendant's conduct after delivery, we hold that the "transaction or occurrence" here must be defined as the period of labor immediately preceding delivery as well as the post-partum care received in the hospital. Despite the fact that labor, delivery, and post-partum care are described as if they are distinct events, they are, in reality, a progression of the various stages of the birthing process. These events frequently occur in a very compressed time frame and, accordingly, must be treated as a single event for purposes of section 2—616(b).

Therefore, in the case at bar, defendants were made aware that plaintiffs' claims were predicated upon the treatment that took place during Cecilia's hospitalization, including both her labor prior to delivery and her post-partum care. We conclude that the original complaint supplied defendant with the essential information necessary to prepare a defense to the claim asserted in the refiled action.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

GREIMAN, P.J., and THEIS, J., concur.