SIXTH DIVISION
June 2, 2006

No. 1-04-3173

| | | |
|---|---|---|
| BARBARA WEININGER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| VASILIS K. SIOMOPOULOS, RESURRECTION | ) | No. 02 L 62029 |
| HEALTH CARE, an Illinois not-for-profit | | |
| corporation and d/b/a Saint Francis | ) | |
| Hospital of Evanston, FORTIS INSURANCE | ) | |
| COMPANY, a Foreign Corporation, LINDA | ) | |
| LEWANDOWSKI, and THEO TEPAS, | ) | |
| | ) | The Honorable |
| | ) | Mary K. Rochford |
| Defendants-Appellees. | ) | Judge Presiding |

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Barbara Weininger sued Dr. Vasilis K. Siomopoulos, Resurrection Health Care, Saint Francis Hospital and Linda Lewandowski for negligent care and treatment of her mental problems. Weininger alleged that as a consequence of the negligent treatment, she had suicidal intent and went out onto the roof of her house and fell to the ground. Weininger later filed an amended complaint in which she added Dr. Theo Tepas as a defendant and alleged that Dr. Tepas negligently treated her when she was admitted to the hospital after the fall from the roof. The circuit court dismissed with prejudice that count of Weininger's amended complaint on the ground that the count did not relate back to the date of the filing of the original complaint and was therefore barred

by the statute of limitations. For the reasons that follow, we affirm the order of the circuit court.

BACKGROUND

The facts underlying the instant appeal are largely undisputed. In June 2000, plaintiff Barbara Weininger consulted Linda Lewandowski, a social worker at Saint Francis Hospital, for help with the mental health problems she was experiencing. After a consultation, Lewandowski determined that Weininger was in need of further psychiatric help, and Weininger had a consultation with another employee of Saint Francis, Dr. Vasilis Siomopoulos. Siomopoulos concluded that Weininger suffered from anxiety and depression and prescribed psychotropic medication. Siomopoulos also scheduled Weininger for a follow-up appointment. However, Weininger never showed up for that appointment. She met with Lewandowski at a later time and Lewandowski noted on Weininger's chart that the "balance" in her life was "off markedly." Lewandowski also subsequently learned that Weininger was not taking the medication prescribed by Siomopoulos and that she felt that she was punishing herself and had negative feelings toward herself. On July 28, 2000, Weininger went out onto the roof of her house with suicidal intent and either fell or jumped to the ground, suffering injuries which resulted in hospitalization at Saint Francis. Although Weininger was released from Saint Francis a few days later, she subsequently received additional psychiatric treatment from another hospital.

On June 20, 2002 Weininger filed a complaint against Lewandowski, Siomopoulos, Saint Francis and the hospital's owner, Resurrection Health Care. Count I alleged that Lewandowski and Siomopoulos negligently treated Weininger in that

Siomopoulos failed to perform a complete psychiatric evaluation, failed to diagnose her condition, and failed to follow up with Weininger when she did not show up to her appointment. According to the complaint, Lewandowski was also negligent in failing to perform a complete mental health evaluation and reach a diagnosis, and in failing to either evaluate reasons why Weininger was not taking her medications or to inform Siomopoulos about the lapse. The complaint further charged Lewandowski with negligence in leaving for vacation, informing Weininger of her departure only by leaving an answering machine message, and failing to leave Weininger the identity of another psychiatrist who could be contacted during Lewandowski's absence. Weininger alleged that her fall from the roof was a result of this negligent treatment. Counts II and III of the original complaint pertained to Weininger's insurance company and are not relevant to this appeal.

On January 8, 2004, Weininger filed an amended complaint which left count I intact but added a different count II. The added count restated the allegations of negligence against Siomopoulos, Lewandowski, Saint Francis and Resurrection but additionally alleged negligence on the part of Dr. Theo Tepas, a psychiatrist who treated Weininger at Saint Francis when she was admitted after the fall. Weininger's amended count II alleged that Dr. Tepas and/or the other defendants were negligent because they failed to appropriately evaluate plaintiff's mental condition both before and after her fall and failed to provide appropriate postinjury treatment. Weininger alleged that as a result of these negligent omissions her mental and psychiatric condition deteriorated, she had to be admitted to Evanston Hospital for further treatment and had to endure more physical pain and mental suffering.

1-04-3173

Defendants filed motions to dismiss count II of the amended complaint under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2002)) for failure to comply with the applicable statute of limitations. The circuit court found that section 2-616 of the Code (735 ILCS 5/2-616 (West 2002)), which permits the addition of otherwise untimely claims by amendment if the new claims sufficiently "relate back" to those filed originally, would not permit Weininger's amendments because the original complaint "clearly focused on the failure to treat properly prior to the fall" and there was no indication in the original complaint of allegations of negligence pertaining to the treatment after the fall. The court also determined that the original complaint did not give defendants sufficient notice to prepare a defense to the new allegations in count II. The court granted defendants' motions to dismiss; this appeal followed.

ANALYSIS

The question raised by the instant appeal is whether the trial court erred in granting the original defendants' and Dr. Tepas' motions to dismiss count II of Weininger's amended complaint on the ground that the action was not commenced within the time permitted by the statute of limitations. 735 ILCS 5/2-619(a)(5) (West 2002). We review de novo the decision to dismiss pursuant to section 2-619. People ex rel. Devine v. Time Consumer Marketing, Inc., 336 Ill. App. 3d 74, 78 (2002).

The statute of limitations for medical malpractice action provides that no action for damages, injury or death arising out of patient care may be brought against any physician or hospital more than two years after the date on which the claimant knew, or

4

1-04-3173

through the use of reasonable diligence should have known, of the existence of the injury or death for which damages are sought. (735 ILCS 5/13-212 (West 2002)). Weininger's amended complaint was filed in 2004, almost four years after her fall from the roof and her resulting hospital stay. On its face, the newly added claims in count II are thus time barred.

Such claims are spared the limitations bar if they meet the requirements of section 2-616 of the Code of Civil Procedure, which governs amendments filed after expiration of the limitations period. The applicable subsections of the Code provide:

> (b) The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute *** limiting the time within which an action may be brought ***, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** grew out of the same transaction or occurrence set up in the original pleading, *** and for the purpose of preserving the cause of action *** an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended.

> ***

> (d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any

5

1-04-3173

statute *** limiting the time within which an action may be brought*** if all the following terms and conditions are met:(1) the time prescribed or limited had not expired when the original action was commenced;(2) the person, within the time that the action might have been brought *** received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and(3) it appears from the original and amended pleadings that the cause of action asserted *** grew out of the same transaction or occurrence set up in the original pleading, *** even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended. 735 ILCS 5/2-616 (West 2002).

Subsection (b) applies to the defendants named in the original complaint, Dr. Siomopoulos, Lewandowski, Saint Francis and Resurrection Health Care. Subsection (d) applies to Dr. Tepas, the defendant added in Weininger's amended complaint. In order to show that the new count in the amended complaint should not be dismissed,

6

Weininger must demonstrate as to all defendants that (1) her original complaint was timely filed and (2) that the cause of action asserted in the amended complaint grew out of the same transaction or occurrence as that in the original complaint. Additionally, as to Dr. Tepas, Weininger must demonstrate that Dr. Tepas had notice of the commencement of the action and should have known that but for a mistake concerning the identity of the proper party the action would have been brought against him. Since there is no question that Weininger filed her original complaint on time, we consider whether the dismissed count related back to that original complaint.

"In determining whether the subsequent pleading relates back to the filing of the initial pleading, the focus is not on the nature of the causes of action, but on the identity of the transaction or occurrence." Castro v. Belucci, 338 Ill. App. 3d 386, 391 (2003), citing Zeh v. Wheeler, 111 Ill. 2d 266, 272-73 (1986). Relation back will be allowed where the original claim supplied defendant with the information necessary to prepare the defense to the subsequently asserted claim. McCorry v. Gooneratne, 332 Ill. App. 3d 935, 943-44 (2002). The rationale for this rule is that a defendant will not be prejudiced by a post-limitations-period amendment so long as his attention has been directed within the limitations period to the facts that form the basis of the claim asserted against him. Figueroa v. Illinois Masonic Medical Center, 288 Ill. App. 3d 921, 925 (1997). Since the propriety of an amendment is determined by the identity of the transactions rather than the identity of the causes of action asserted, we are unpersuaded by Weininger's argument that her allegations of negligent treatment of her mental illness in both the original and amended complaints demonstrate their identity. Instead, we believe that an examination of the specifics of the original and amended

1-04-3173

complaints must determine whether the newly added claims relate back to those in the original complaint.

Weininger's original complaint made allegations about the treatment she received from the original defendants in June and July 2000: the complaint describes an initial consultation in June 2000; a diagnosis on July 8, 2000; Weininger's missed appointment on July 15, 2000, her condition on July 17, 2000; and the allegation that Lewandowski knew no later than July 24, 2000 that Weininger was not taking prescribed medications. The original complaint alleged that the defendants' actions and failures to act during this period caused her actions on July 28, 2000, and Weininger's prayer for relief sought recovery for damages suffered as a result of the fall.

In contrast, the new claims added by Weininger's amended complaint alleged negligent treatment after her fall and sought recovery for damages resulting from the allegedly negligent postaccident diagnosis and treatment. The newly added claims thus allege patient conditions, treatment dates, and resulting harms all separate and distinct from those raised by the original complaint. We therefore conclude that these claims do not relate back to those made in Weininger's original complaint, and do not qualify for section 2-616's exceptions to the limitations bar against their late filing.

Weininger contends that Figueroa v. Illinois Masonic Medical Center, 288 Ill. App. 3d 921 (1997), compels the opposite result. We disagree. In Figueroa, the plaintiff originally filed a complaint alleging that the defendant hospital treated her negligently following the delivery of her baby, and after the limitations period, she filed a new complaint which added allegations of negligence in the treatment she received from the defendant during labor and delivery of the baby. 288 Ill. App. 3d at 923. On appeal,

8

this court reversed the trial court's dismissal of the plaintiff's new complaint, holding that the new complaint related back to the original, timely pleading. 288 Ill. App. 3d at 925. The Figueroa court noted that the injuries suffered by the plaintiff were suffered in the course of a single hospital stay, and that the labor, delivery, and postpartum care administered during that stay "frequently occur in a very compressed time frame and, accordingly, must be treated as a single event for the purposes of section 2-616(b)." 288 Ill. App. 3d at 925.

The original and amended claims in the instant case, in contrast, make allegations regarding several different hospital visits rather than the single hospital stay described by the Figueroa court. The acts and omissions alleged to be negligent by Weininger in the original and amended complaints occurred not in a compressed time frame as in Figueroa, but over the course of a period of more than two months. We conclude that the fact pattern construed by the Figueroa to be a single event is absent from the instant matter, that Figueroa is readily distinguishable from the instant case, and that it offers no support for reversal of the dismissal of count II of Weininger's amended complaint.

Weininger, citing Castro v. Belluci, 338 Ill. App. 3d 386 (2003), next contends that the new claims in her amended complaint should be viewed as relating back to the original complaint because her original pleading directed the defendants' attention to the facts alleged in her newly filed claim. Castro, like Figueroa, is distinguishable from the instant case, however. In Castro, though an amended complaint added new defendants and new allegations of negligence, the essence of the plaintiff's complaint was that the defendants failed to properly treat a set of symptoms that did not change: "[T]he earlier

made allegations of negligence are repeated in the fourth amended complaint, and the facts upon which the claims in counts III and IV of the complaint did not change, despite the fact that the conduct of a different agent or agents was called into question." Castro, 338 Ill. App. 3d at 396. Unlike the plaintiff's allegations in Castro, Weininger's claims in the instant case relate to the treatment she received in separate and distinct periods: the period which led to her suicidal rooftop incident and the period in which she was hospitalized for recovery from the injuries she suffered in the fall. Nothing in Weininger's original complaint suggests that her postaccident treatment was in any way negligent or that it caused her to suffer damage of any kind. Accordingly, we cannot consider her original complaint to have alerted any of the defendants that the postadmission treatment would be at issue.

Finally, Weininger contends that the defendants were alerted to the substance of her later-filed claims by the fact that she disputed the billing for the entirety of her treatment. We find no basis for the conclusion that because a patient disputes the amount of the bill for treatment, a hospital or its doctors are put on notice that they may be charged with negligence in providing that treatment.

CONCLUSION

For the reasons stated above, we determine that count II of Weininger's amended complaint does not relate back to the filing of the original complaint and is therefore barred by the statute of limitations. The trial court's order dismissing count II of Weininger's amended complaint is affirmed.

Affirmed.

TULLY and O'MALLEY, JJ., concur.

1-04-3173